Calvin v. Bowman and Neal.

---

## CALVIN v. BOWMAN and NEAL.

1. RECORD OF A DEED: NOTICE. Where the index entry of a mortgage contained the names of the grantor and grantee, the date of the filing, the date and character of the instrument, and the book and page where it was recorded, but instead of a description of the property, referred to the record of the instrument which was made on the day the index entry was made, held that the registration was sufficient to impart constructive notice to subsequent purchasers.

*Appeal from Marion District Court.*

SATURDAY, OCTOBER 6.

*J. E. Neal* for the appellant.

*George May* for the appellee.

LOWE, C. J.—Plaintiff filed a bill to foreclose a mortgage for two hundred dollars, dated June 7th, 1856, against the defendant Bowman. Titus Neal was, upon his own applica-

tion, afterwards made a party defendant; and represented that on the 27th of December, 1856, Bowman sold said mortgage premises to one Eli S. Walker; and that Eli S. Walker and wife on the 26th of June 1857, mortgaged the same to him, in trust for certain of his creditors, and that when he took the same, that neither he nor his *cestui que trusts* had any actual knowledge of the existence of the plaintiff's mortgage; nor was the same so recorded as to impart to them constructive notice. The defect in the registration complained of, was that whilst the index or entry book did show the names of the grantor and grantee, the date of the filing, the date and character of the instrument, the book and page, it did not describe the property; but the space where the description should have been given contained the words, "see record." The mortgage was recorded at length in the book and on the page referred to in the entry book, on the 26th of June, 1856. The court below held that this was a sufficient registration to impart constructive notice to subsequent purchasers or mortgagees, and rendered a judgment for the amount of plaintiff's claim against said property, and in this decision we concur.

Counsel for defense objects to the form of the judgment, that it bars the right of redemption, &c. We think not. If that right exists at law, the form of this judgment will not prevent its assertion.

Judgment affirmed.