SATURDAY, DECEMBER 8.

*Bryan & Williamson* for the appellant.

*Williamson & Nourse* for the appellee.

---

SCOLES v. WILSEY *et al.*

1. NOTICE. Where a purchaser of real estate executed a mortgage back to secure the payment of the purchase money, but by mistake described an entirely different tract of land, it was held that a subsequent purchaser was not charged with constructive notice of recitals in the deed which should have placed him upon his inquiry, when such recitals did not appear in the index which the recorder is required by law to keep.

*Appeal from Lee District Court.*

TUESDAY, DECEMBER 10.

CHANCERY. The facts are fully stated in the opinion of the court.

*Hornish & Fulton* for the appellants.

1. Constructive notice is defined to be in its nature no more than evidence of notice, the presumption of which is so positive that the court will not even allow it to be controverted. *Plumb* v. *Flint,* 2 Anst. 438; *Kennedy* v. *Green,* 3 Myl. &. R. 719; *Jones* v. *Smith,* 1 Hare 55.

2. In England and in this country it has been very seriously questioned whether constructive notice should be permitted in any case to supply the evidence of the registry of prior conveyances. *Jackson* v. *Given,* 8 John. 137; 1 Ohio 264; 17 Conn. 594; 2 Mass. 509.

3. It is not every possession that operates as constructive notice. The possession must be adverse. 9 Ala. 409; 2 Dana. 69; 2 Mich. 207. It must be exclusive. 2 Foster 500. It must be open and notorious. 10 Howard (U. S.) R. 348, 375. It must be continuous. *Hews* v. *Wiswell,* 8 Maine 94; *Campbell* v. *Breckenridge,* 8 Blackf. 473. It must be brought home to the knowledge of the purchaser. *Scott* v. *Gallagher,* 14 S. & R. 333.

4. When a party remains in possession after executing an absolute conveyance of real estate, the presumption will be that his possession is consistent with the conveyance, and that he is a mere tenant at sufferance of the grantee. *New York Life Insurance Company* v. *Cutter,* 3 Sand. Ch. R. 176; *White* v. *Wakefield,* 7 Sim. 401; *Scott* v. *Gallagher,* 14 S. & R. 333.

5. A purchaser without notice from a purchaser with notice is not affected by the notice of his grantor. *Jackson* v. *Elston,* 12 John 452; *Varick* v. *Biggs,* 6 Paige 323; *Knox* v. *Silloway,* 10 Maine 221; *Connecticutt* v. *Bradish,* 14 Mass. 296; *Malloney* v. *Stoddard,* 6 Ala. 801; *Trubuck* v. *Peebles,* 3 Kelley 446; 1 Met. 212; 4 Watts & S. 102; 8 Cow. 260; 4 Dall. 153; *Trull* v. *Bigelow,* 16 Mass. 406.

6. The burden of proof is on the party alleging notice to a purchaser of a prior equity. 26 Maine 484, 489; *Rogers* v. *Wiley,* 14 Ib. 65.

7. Recitals in a deed, to constitute constructive notice, must not merely raise questions to be settled elsewhere. A notice that is barely sufficient to put a party on his inquiry is not sufficient; it must be necessary and unavoidable. *Fort* v. *Burch*, 6 Barb. S. C. R. 60; *Jackson* v *Van Valkenburgh*, 6 Cow. 260; *Munday* v. *Vawter*, 3 Grattan 518; *Jackson* v. *Given*, 8 John. 137; *Tuttle* v. *Jackson*, 6 Wend. 226; *Doe* v. *Reed*, 4 Scam. 117; 9 Watts 511; *Jollard* v. *Stambridge*, 3 Ves. 478.

8. The defendant can, under our registry law be charged with notice only of the facts that appear in the index entries, unless it is shown affirmatively that he saw the deed.

*McCrary & Bruce* for the appellee.

1. If the record discloses enough to put a person who was carefully examining it upon inquiry; and if upon inquiry the plaintiff's title would have been ascertained, the defendants are held to notice. 10 Ohio 84; 20 Ib 279; 4 Scam. 249; 4 Ohio 853; 1 Curtis C. C. 390; 1 Hilliard Mort. 632, and the cases there cited; 3 Maryland Chan. R. 488; 3 McLean 328; 6 Wend. 226-7; 20 Ala. 95; 4 Kent Com. (8 ed.) 189; 7 Am. Law Reg. 602, and the cases cited; 1 Mass. Dig. 246; Hilliard on Vendors 401; 1 Eq. L. C. 83.

2. The plaintiff was entitled to priority as vendor claiming the original purchase money. 1 Hilliard Mort. 631.

3. The mistake in the description is not the fault of the plaintiff, and he will therefore be protected. 2 G. Greene 420.

4. The defendant McMurdy was bound to take notice of the deed from Scoles to Wilsey, whether on record or not at the time he purchased. 7 Am. Law. Reg. 591; 1 John. Ch. R. 575.

5. Scoles' possession when McMurdy bought the land was notice of Scoles' equity. 6 Iowa 280, 300; 4 Blackf. 94, 303; 7 B. Mon 313; 13 Ves. 130; 1 Hil. Mort. 632; 6 Wend. 226; Hilliard Ven. 402; 4 Iowa 215.

LOWE, C. J.—A mortgage foreclosure, involving a question under the registry act. A precise statement of the facts will develope and measurably decide the case.

On the 25th day of June, 1856, the plaintiff was the owner and resided upon the S. W. quarter of N. E. quarter of section 27, township 65, range 5 W. At that date he sold and conveyed said land to Rufus Wilsey, for the consideration of sixty-four hundred dollars; and about the same date he took a mortgage from Wilsey on the N. W. quarter of N. E. quarter of the same section, township and range to secure the purchase money. Subsequently, Wilsey laid off said tract of land into lots, and sold the same to a large number of purchasers. Among others, on the 14th of July, 1856, he sold ten acres off the east side of said land, (20 by 80 rods) to one Robert McMurdy, for the sum of $2000, and conveyed the same by deed to him.

Afterwards, on the 21st day of January, 1857, McMurdy sold and conveyed to the defendant, H. K. Love, this same ten acre lot for the consideration of $4,000; part of which was paid down, the balance secured by mortgage, which mortgage has since been satisfied.

The plaintiff in his petition to foreclose his mortgage against Wilsey, makes the various purchasers under Wilsey parties defendant, and claims that the mortgage which he seeks to foreclose contains a mistake in the description of the land; that Wilsey intended to give him a mortgage on the S. W. quarter instead of the N. W. quarter of the N. E. quarter of the section above described; and he charges that the defendants purchased with actual notice that plaintiff's mortgage was intended to be a lien upon the S. W. quarter of N. E. quarter of section 27, township 65, N. R. 5 W.; and he asks that this mistake be corrected, and that he be permitted to foreclose his mortgage upon this last described tract of land. None of the defendants answer but H. K. Love, who denies that he had any such notice actual or constructive; claims to be an innocent purchaser and asks to

be protected from any such judgment of foreclosure as the plaintiff seeks to recover.

In addition to the pleadings and exhibits or documentary evidence, the plaintiff proves by a Mr. Finch that he drew the mortgage of Wilsey to Scoles and that the same was intended to be given on the forty acre lot which Scoles had sold and conveyed to Wilsey, but by mistake a different forty acre lot was described. He also proved that he was in possession at the time that McMurdy purchased the ten acres of Wilsey, but not when Love purchased the same ten acres of McMurdy. It is not pretended that any evidence was offered to support the allegation in plaintiff's bill, that the defendant Love had actual notice that Scoles was an incumbrancer of the property which he had purchased.

In this condition of the records and proofs, the court below foreclosed the plaintiff's mortgage on the forty acres which Scoles had sold to Wilsey, and not on the particular forty acres which Wilsey had mortgaged to Scoles. The defendant Love appeals.

In support of this judgment the plaintiff contends that the recitals in the mortgage from Wilsey to him, are such as would necessarily put a prudent and cautious man upon his guard, and bind a subsequent purchaser to a diligent inquiry into the character of Wilsey's title. The facts recited are that the premises mortgaged were the same this day sold to Wilsey by said Scoles, and upon which there were two mortgages, one in favor of the county school fund commissioner, for $250, and a second in favor of the New York company, for $242,61; both of which the said Wilsey assumed to pay and satisfy.

It is claimed that an investigation of the facts by a subsequent purchaser, must necessarily conduct him to the conclusion that the mortgage in question was intended to cover the S. W. quarter of the N. E. quarter of section 27, township 65, N. R. 5 M., and as such he would in law be charged with notice and not entitled to any protection as an innocent purchaser.

This is believed to be good law and sound reasoning, provided these facts so recited would fall under the eye and come to the knowledge of a subsequent purchaser. And this would be the case where the provisions of the registry law simply required the recorder to index the names of the parties through whom titles would be traced and incumbrances searched for. In such a case the instrument as recorded would have to be read at least in part, and the recitals in all probability would fall under his observation.

But when the registry law, as ours does, requires the recorder to keep an index or entry book, in which he shall enter (as the several instruments are filed for record) the names of the parties thereto, the date of filing, the date and nature of the instrument, the book and page where recorded, and the *description* of the property conveyed, in parallel columns, we hold, under such a system of registration, title to and incumbrances upon property would be traced and searched for, not only through the names of parties but by the description of the property as contained in the index or entry book. A searcher for incumbrances, for instance, would have no occasion to look beyond the index book until he found a piece of property which in description would correspond with that the title of which he was investigating, and it would be strange indeed that he should, under such circumstances, be charged with a knowledge of facts recited in a mortgage given on another and distinct piece of property. And this illustrates, to some extent, the difficulty which the courts have always felt in establishing any fixed rule on this subject, and they have held again and again that whether a given set of facts shall be sufficient to put a party upon inquiry so as to charge him with *notice*, will depend upon the particular circumstances of each case; and we may add the peculiar provisions of the registry laws and the manner the records are kept under them.

Under the circumstances of this case and the condition of our registry laws, we can not but think it would be manifestly unjust to hold the defendant, Love, bound by the

recitals in the mortgage from Wilsey to Scoles; nor could we do so except in contravention of the principles or rule laid down in 10 Ohio R. 84, and 20 Ohio R., in the case of the *Lessees of Simeon Jennings* v. *Robert Wood*, authorities referred to by plaintiff's counsel as sustaining the doctrine for which they were contending, but which we think in principle very fully confirm the view which we have taken of this case.

Then again, looking beyond the question of notice to the equities of this case, we think they greatly preponderate in favor of the defendant; but there is no occasion to occupy time or space in presenting these, as we are compelled to reverse this cause upon the first ground discussed, and remand it, that a judgment of foreclosure may be entered, so as to protect the ten acres purchased of McMurdy by defendant Love, from the operation of plaintiff's mortgage.

Reversed.