BOSTWICK v. POWERS *et al.*

1. RECORDING ACT: INDEX ENTRY. In the registration of a mortgage the property conveyed was described in the proper column in the index as "certain lots of land," and the record in other respects was complete. *Held*, that it was sufficient to impart constructive notice to subsequent purchasers.

*Appeal from Scott District Court.*

THURSDAY, DECEMBER 19.

THE facts are stated in the opinion of the court.

*Davison & True* for the appellants.

*Church* and *Rogers* for the appellee.

LOWE, C. J.—Plaintiff, assignee of a mortgage executed by Charles Powers in his life time to one Milton Braddley, forecloses, making, among others, Richard B. Hill a defendant, who claimed to be a subsequent purchaser of a part of the mortgaged premises.

In the registration of said mortgage the recording officer failed to give any other description of the property mortgaged in the appropriate column of index entries than the following, viz: "Certain lots of land." The mortgage in other respects was duly recorded. Denying actual notice,

the defendant claims that the above index entries were too imperfect to impart to him constructive notice, and this is the only question for our determination.

In the case of *Calvin* v. *Bowman et al.*, 10 Iowa 529, this question was settled adversely to the defendant, and we are asked to review this decision as having been made perhaps, without a very full consideration of the principle involved in the same.

It is claimed that the index entries are required to be kept after a prescribed form, and must state certain facts before they can or do impart constructive notice ; that it is not competent for the recording officer or the court to dispense with an entry of any of the required facts, if so, it would lead in effect to legislation on their part and render the requirements of the statute nugatory ; that inasmuch as the defendant had no actual notice, and made no examination of the record, he can not be charged with constructive notice unless the requirements of the recording acts have been strictly complied with in all their essential particulars.

This theory of the registry law overlooks the rule or principle, that whether a subsequent purchaser examines the record or not, he is nevertheless affected constructively with such knowledge as the index entries afford, and if their recitals are of such a character as that they would necessarily put a cautious and prudent man upon inquiry, he is bound to make such inquiry, and upon finding one or more encumbrancers, shall be held to notice. 4 Scam. 242, 1 Hilliard Mort. 632, and cases there cited.

In this case, if the defendant, a subsequent purchaser, had examined the record, he would have found in the index or entry book the following evidence that his vendor had given previous to that time a mortgage upon certain lots of land, to-wit : the names of the parties thereto, the date of the filing, the date and nature of the instrument, the book and

page where recorded, and that it was upon certain of lots land. This, to be sure, is not a legal description of the lots, but it shows that it was the kind of property he was about to purchase. With these facts before him and the records in his hands, could he be excused for not turning to the page when the instrument was stated to be recorded, and ascertain whether the lot of land he was about to purchase, was or was not included in the mortgage? Certainly not. We can not conceive why such facts should not put a prudent man upon his guard and warn him to look carefully into the condition of the record.

It has been properly said, whether a given set of facts shall be sufficient to put a party upon inquiry, so as to charge him with notice, must depend upon the peculiar circumstances of each case. Hence in the case of *Scoles* v. *Wilsey et al.*, 11 Iowa 261, under a different state of facts, we held that the recitals in the mortgage were not, under the circumstances of that case, sufficient to put a subsequent purchaser upon inquiry.

In this last case, a purchaser of real estate executed a mortgage back to secure the payment of the purchase money, but by mistake described an entirely different tract of land. The mortgage, however, recited certain encumbrances that were upon the tract intended to be mortgaged and which the purchaser assumed to pay. The index entries were made as the recording acts required, describing the land as it was described in the mortgage. It was held, for reasons therein stated that a subsequent purchaser was not placed upon his inquiry by the recitals in the body of the mortgage. Judgment below

Affirmed.