Noyes, Administrator, v. Horr *et al.*

1. RECORD: MISTAKE. When the Register in recording a mortgage, which conveyed two tracts of land, entered in the column for descriptions, in the index book, a description of but *one* of them, it was held:—

 1. That the record was not constructive notice to subsequent purchasers or incumbrancers as to the tract the description of which was omitted: following *Scoles* v. *Wiltsey*, 11 Iowa, 261.

 2. That the consequences of the omission of the Recorder to correctly describe the property conveyed fall upon the first mortgagee and not upon subsequent incumbrancers, following *Bradford* v. *Miller et al.*, 12 Iowa, 14.

*Appeal from Dubuque District Court.*

MONDAY, OCTOBER 13.

. THE statement of facts will be found in the opinion.

*H. H. Dillon* for the appellant, relied upon *Sanger* v. *Crague*, 10 Verm., 555; *Jennings* v. *Wood*, 20 Ohio, 266; 6 Bac. Abr., 337; *Rogers* v. *Adams*, 8 Verm., 172; *Scoles* v. *Wiltsey*, 11 Iowa, 261.

*D. N. Cooley* for the appellee, relied upon 1 Rand., 102; 2 Greenl. Cr., 546; 14 Verm., 14, and the authorities there cited.

LOWE, J.—The case involves the following questions under the Registry Act of the Code of 1851. The plaintiff's mortgage was upon two distinct tracts of land, part of

W. half of the S. E. fractional quarter of section 35, Township 90, Range 2 E., and Lot 1, being the East half of the same quarter section. The Register, in recording this mortgage, omitted in the index or entry-book to give any description whatever of the last of these two tracts while he did describe in the column set apart for that purpose, the first in the manner above set forth. Two of the defendants, Dillon and Snivley, were junior mortgagees upon the last tract. They filed their answers in the nature of a cross-bill, setting up their claims under their respective mortgages, denying that plaintiff's mortgage had been legally or sufficiently recorded, to impart to them any constructive notice, and also denying any actual notice of the plaintiff's mortgage lien.

The court, however, held in favor of plaintiff's priority of lien to both tracts, and rendered a judgment of foreclosure accordingly.

Upon the foregoing facts two questions are prescribed. First. Did the plaintiff's mortgage, as indexed and recorded impart constructive notice to subsequent purchasers or incumbrancers, as respects the tract of land last described? If not, upon which of the parties must the consequences of such misprison on the part of the recorder fall?

In regard to the first of these questions, we are inclined to give a negative answer. Finding one tract of land duly described in the general index, and *that* not answering to the one which the searcher for incumbrances was investigating, and there being nothing to indicate that there was a second tract included in the same mortgage, or no other note or memorandum that would put a reasonably cautious person upon inquiry, we think the case falls fairly within the principle and reasoning of the rule established in the case of *Scoles* v. *Wiltsey, et al.*, 11 Iowa, 261.

As respects the second question, we decide that also

against the plaintiff, upon the authority of the case of *Miller* v. *Bradford et al.*, 12 Iowa, 14.

The judgment below will be reversed, and the cause remanded.

Reversed.