## BREED v. CONLEY.

1. RECORDING ACT: INDEX. Where the index entry of a deed described the land conveyed as in a different section, township and range from the deed, and also contained the following words in addition to such misdescription, "for description see record," it was held, that the record was not constructive notice to a subsequent purchaser of the premises described in the deed.

*Appeal from Linn District Court.*

THURSDAY, DECEMBER 11.

ACTION OF RIGHT. Both parties claimed under Thomas Orr. On the 3d of January, 1859, Orr and wife conveyed the W. ½ of the S. E. ¼ and S. E. ¼ of the S. E. ¼ of section one, township eighty, range five, west-fifth principal meridian, to Timothy Conley, the defendant, and Conley filed his deed for record, with the Recorder of the proper county. In recording the deed the Recorder made the following index entry:

" Thomas Orr to Timothy Conley ; date of filing, January 8th, 1859; date of instrument, January 3d, 1858 ; recorded in book C on page 238; description, S. W. ¼ of S. E. ¼ section 30 and part of section 13 (for description see record) T. 83, R. 8."

On the 4th day of April, 1859, one J. T. Christian recovered judgment in the District Court of Delaware County, Iowa, against Thomas Orr, on which an execution was issued to the Sheriff of Linn County, in which the land first above described, was situated, which execution was levied upon said land as the property of Orr. It was bought at the sale made thereunder by Ira Breed, who in due time received the Sheriff's deed. Such further facts as are necessary to an understanding of the case are presented in the opinion of the court. Judgment for the defendant, and the plaintiff appeals.

*Thomas Corbett*, for the appellant, relied upon *Scoles* v. *Wilsey*, 11 Iowa, 266 ; *Bostwick* v. *Powers et al.*, 12 Id., 456 ; *Norton, Jewett & Busly* v. *Williams*, 9 Iowa, 532 ; *Jackson* v. *Post*, 15 Wend., 596 ; *Jackson* v. *Dubois*, 4 John., 216.

*I. M. Preston & Son* for the appellee.

LOWE, J. — Action of right founded upon a Sheriff's deed to recover the W. ½ of the S. E. ¼ and the S. E. ¼ of the S. E. ¼ of section one, township eighty-six, north of range five, west of the fifth P. M., situated in the county of Linn. The answer simply denied the averments of the petition. The issue thus made was tried by the Court who found for the defendant, and after overruling a motion for a new trial, rendered a judgment for the premises and costs of suit.

The evidence and title papers of the parties were all embodied in a bill of exceptions, and exhibit among other things the following facts : That the parties both claimed

title under Thomas Orr, the defendant, in the execution, and presented deeds unexceptionable in form; that the date as well as the recording of the defendant's deed was prior in point of time to the date of the judgment under which the plaintiff claimed; that at the time of the plaintiff's purchase, the land in controversy was unoccupied; nor did he have any actual notice of defendant's purchase. The only point in controversy is, whether the defective indexing of defendant's deed did or did not impart constructive notice to a subsequent purchaser. The bill of exceptions shows that the deed was indexed as follows: "Thomas Orr to Timothy Conley; date of filing, January 8th, 1859; date of instrument, January 3d, 1859; recorded in book Q, on page 238; description, S. W. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ section 30 and part of section 13 (for description see record) T. 83, R. 8." The evidence showed that the deed was in fact recorded in book P, on pages 548, 549.

It will be observed that the two tracts of land in controversy are both situated in section one, township eighty-six, range five, west; whereas the Recorder has described in the index or entry book, the land in the defendant's deed as being in two other and different sections, to wit: sections thirty and thirteen, both in township eighty-three, range eight, west, not corresponding with the first, either in section, township or range. It is true the Recorder fails to state in what part of section thirteen one of the tracts is situated, and refers to the recorded deed for this part of the description, but the searcher for incumbrances could have no occasion to examine the record when the index showed that neither the section, township nor range, answered to the tracts concerning which he wanted information. Such a description of land in the entry book is quite too defective and wanting in accuracy to impart constructive notice to a subsequent purchaser or mortgagee; nor is there enough in it to put a reasonably cautious man upon

inquiry. Indeed this case falls fairly within the reasoning and rule laid down in the case of *Scoles* v. *Wilsey et al.*, 11 Iowa, 261. Following the precedent there set we must reverse and remand this cause.

Reversed.