PETERS v. HAM & Co.

1. **Mortgage:** MISTAKE IN DESRIPTION: RECORD NOTICE TO SUBSEQUENT MORTGAGEE. Where the property intended to be mortgaged was in "Zollar's addition," but by mistake it was described as being in "Zulauf's addition"—there being additions of both names to the city in question—and the index in the recorder's office showed the mortgaged property as being in Zulauf's addition, but referred to the complete record for a fuller description, *held* that a subsequent mortgagee was bound only by what appeared upon the index, and that he was not charged with constructive notice that the property was in fact in "Zollar's addition," though he might have suspected as much, had he examined the complete record.

2. ———: ———: SUBSEQUENT MORTGAGEE WITH ACTUAL NOTICE: PRIOR·
ITY OF LIEN.  Where one, intending to mortgage to plaintiff certain
property, by mistake erroneously described the property, but the mort-
gage was recorded as made, and afterwards, upon discovering the mis-
take, he made another mortgage to plaintiff to secure the same indebt-
edness, correctly describing the property, and on the date of the last
mortgage he also made a mortgage to defendants upon the same property,
defendants having actual notice at the time of plaintiff's prior mortgage
and the mistake therein, *held* that, as against defendants, the lien of ·
plaintiff's corrected mortgage related back to the date of his first mort-
gage, and was superior to the lien of defendants' mortgage, notwithstand-
ing defendant's mortgage was filed for record before plaintiff's corrected
mortgage. *Day v. Griffith*, 15 Iowa, 104, and *Cobb v. Chase*, 54 Id., 253,
distinguished.

### Appeal from Wapello Circuit Court.

### FRIDAY, JANUARY 25.

ACTION in equity to foreclose a mortgage.

In April, 1873, C. C. Peters executed a mortgage to the
plaintiff on "Lot eight of Zulauf's sub-division to the city
of Ottumwa, said lot being situated at the corner of Front
and McLean streets in said city."  In March, 1874, "to cor-
rect an error" in the foregoing, the mortgagor executed an-
other mortgage to the plaintiff, which states that the descrip-
tion which reads, lot 8, "Zulauf's sub-division," should read
"Zollar's addition to Ottumwa."  On the same day, Peters exe-
cuted a mortgage on the property described in the last or cor-
rected mortgage to the defendants.  This mortgage was first
filed for record, but the plaintiff claims that the defendants
had express notice of the mortgages executed to him.  The
relief asked was that defendants' mortgage be declared to be
junior to the lien of the plaintiff.  The court found for the
defendants, and decreed that their mortgage constituted the
first lien.  The plaintiff appeals.

*W. H. C. Jaques* and *M. J. Williams*, for appellant.

*Moore & Steck*, and *S. W. Simmons*, for appellee.

Peters v. Ham & Co.

SEEVERS, J.—I.   At the time the mortgages were executed, there was an addition to Ottumwa known as Zulauf's sub-division of out lot 10, and there is a lot 8 in that

**1. MORTGAGE: mistake in description: record notice to subsequent mortgagee.**

addition.   It is, however, claimed, and it will be conceded, that neither Front nor McLean street is in such sub-division; but that said streets are in Zollar's addition, and that lot 8 in said addition is situated on the corner of said streets.

In the index book in the recorder's office the property in the first mortgage was described as follows: "Lot 8 Zulauf's sub-division, Ottumwa, See. R." It is insisted that the defendants were charged with constructive notice of the mortgage executed in 1873.   But we think this cannot be so.   The property was situated in Zollar's addition.   Now, no one would suppose, when looking up the title to property in that addition, that the entry in the index book had any reference to property in any addition except that of Zulauf.

But it is said that the mortgage described the property as being situated on the corner of Front and McLean streets, and that the defendants were charged with notice of this fact. But why?   The index book made no reference to streets or where the property was situated, other than that it was lot 8 in Zulauf's sub-division.

It will be conceded that the letter "R" referred to the mortgage as recorded; but, applying what was said in *Breed v. Conley*, 14 Iowa, 269, to the case at bar, the searcher for encumbrances would have no occasion to examine the record, when the index book shows the property to be in Zulauf's subdivision.   It is possible that the defendants would be charged with notice that the record contained a more full description of the property than that stated in the index book.   But clearly, we think, the defendants cannot be charged with notice that the property mortgaged was in Zollar's addition, or that it was situated at the corner of Front and McLean streets.

II.   The evidence satisfactorily shows that C. C. Peters

borrowed $500 of the plaintiff, in 1873, and that he agreed to execute a mortgage to the latter to secure the money so borrowed, but no specific property was agreed upon which should be mortgaged. In pursuance of this agreement, the mortgage sought to be foreclosed, and executed in 1873, was delivered to and accepted by the plaintiff, prior to the execution of the mortgage under which the defendants claim. We are satisfied that C. C. Peters intended to mortgage the property in Zollar's addition, but that by mistake it was described as being in Zulauf's addition. The plaintiff accepted such mortgage under the belief that it was valid as security for the money loaned. Neither the mortgagor nor mortgagee had knowledge of the mistake until the day the mortgage to the defendant was executed.

*2. subsequent mortgagee with actual notice: priority of lien.*

Now, under the circumstances, was the mortgage between the parties thereto void, or could the mistake as between them have been corrected and the mortgage reformed in equity.

That this could readily be done, if the mistake was a mutual one, will perhaps be admitted. But it is contended that, although there may have been a mistake made by the mortgagor, this is not true as to the mortgagee, because he had no knowledge that the property was incorrectly described, nor had he contracted that any particular property should be mortgaged.

No sane man, however, would accept a mortgage as a valid security, which contained an impossible description of the property intended to be described therein; and in this case the mortgagee had the right to believe and rely on the fact that the property intended to be mortgaged by the mortgagor was correctly described in the mortgage. He had the right to expect at least this, and it must be presumed that he accepted the mortgage under such belief. Now, as the property was incorrectly described because of mistake, the mortgagee accepted the mortgage under the mistaken belief that the property was correctly described, and, as between him and the mortgagor, such mistake in equity could have been

corrected. This being so, it follows that the plaintiff is entitled to the same relief against the defendants, if they had express notice of the mortgage and mistake prior to the execution of the mortgage under which they claim. We have read the evidence with care, and unite in the conclusion that the defendants did have such notice. One of the defendants, Henry, so testifies, and so does C. C. Peters. Two of the defendants testify otherwise. Without stating our reasons, we deem it sufficient to say that the preponderance of the evidence is with the plaintiff.

The mortgagor, C. C. Peters, in executing the mortgage correcting the mistake, did no more than he could have been compelled to do. This mortgage was delivered to and accepted by the plaintiff, and it is immaterial whether or not this was done prior to the execution of the defendants' mortgage. This mortgage correcting the mistake relates back to, and the lien of the plaintiff dates from, the time the first mortgage was executed. This case is distinguishable from *Day v. Griffith*, 15 Iowa, 104, and *Cobb v. Chase*, 54 Id., 253, in this: The only question in those cases was as to whether there had been a delivery of the mortgages. In the case at bar, there is no such question as to the mortgage executed in 1873, for it undoubtedly was delivered long prior to the execution of the defendants' mortgage.

We are of the opinion that the circuit court erred in holding that the mortgage executed to the defendants was entitled to priority over the lien of the plaintiff's mortgages. The cause will be remanded with directions to enter a decree in accordance with this opinion.

REVERSED.