AMERICAN EMIGRANT Co. *v.* CALL and others. (Cross-Bill.)

*(Circuit Court, S. D. Iowa, C. D. January 19, 1885.)*

**VENDOR AND VENDEE—RECORD OF AGREEMENT—ENTRIES IN INDEX—NOTICE.**
     C. and the American Emigrant Company owned certain interests in swamp lands, under the Iowa swamp-land act, and C. entered into a written agreement with the company, which was, in effect, a conveyance of his interest. The agreement was duly recorded, and in the index C.'s name was written in the grantor column, the company's name in the grantee column, in the column headed "character of instrument" was written "agreement," and in the description column was the entry "with regard to swamp and overflowed lands." Subsequently, S. purchased a portion of the lands. *Held*, that the entries upon the index were sufficient to put him on inquiry, and that he was bound thereby.

Demurrer in Equity.
*Harvey & Davis*, for complainant.
*J. H. Call* and *W. S. Clark*, for defendants.

SHIRAS, J. In this cause complainant seeks to quiet the title to a large quantity of lands situated in Kossuth county, Iowa, as against the adverse claims of Asa C. Call and J. Volney Sweeting. The last-named defendant files a cross-bill, in which he avers that he is the owner of the realty in question, and asks a decree quieting the title in him as against the complainant. The latter demurs to the cross-bill, and the case is now before the court upon the demurrer thus filed. It is averred by both parties that the lands in controversy form part of the swamp lands, the title to which vested in Kossuth county by virtue of the act of Congress of 1850, commonly known as "the swamp-land act," and the act of the general assembly of the state of Iowa, passed in 1853, by virtue of which the swamp lands were granted to the several counties in which the same are located. Both parties claim title, therefore, through these grants to Kossuth county.

In 1862 the county entered into a written contract with Asa C. Call, whereby said Call bound himself to act as agent for the county in procuring for the county the swamp lands to which it was entitled, and for his service in this behalf he was to receive "one average fourth of all swamp and overflowed lands now or hereafter claimed by said county." On March 24, 1866, complainant entered into a contract with Asa C. Call, which recites that complainant was then the owner of three-fourths of the swamp lands belonging to Kossuth county; that said Call has a contract with the county for the remaining one-fourth; that the company has purchased all of said Call's interest, and agrees to pay therefor a certain named price; it being also stated that "this contract is to operate as a conveyance of all remaining interest, of whatever character, which the said Call now has or may hereafter acquire in any of said lands or claims for indemnity (which interest and claim has been duly examined and is understood by the company) by virtue of his contract with the county before alluded to."

In the case of *American Emigrant Co.* v. *Clark*, 17 N. W. Rep. 483, the supreme court held that this contract is, in effect, a conveyance, under which all the right and claim then remaining in said Call to the swamp lands in Kossuth county passed to the complainant.

On the sixteenth of October, 1866, Kossuth county executed a deed conveying all the swamp lands, including those in controversy, to the complainant. The defendant claims title under deeds from Asa C. Call to defendant, bearing date January 10, 1881, claiming to be an innocent purchaser, for value, without notice, actual or constructive, of the adverse claims of complainant. Under the ruling of the supreme court of Iowa, that the contract of March 24, 1866, was, in effect, a conveyance on part of Call to complainant of his title and right to the swamp lands coming to him by virtue of his contract with Kossuth company, it follows that the lands in controversy then became the property of complainant as between said Call and complainant. If the defendant Sweeting had notice of this conveyance, and of the rights of complainant under the same, when he received

his deeds in January, 1881, then he cannot be said to be an innocent purchaser, nor has he a title which would avail him as against the rights of complainant. In the cross-bill it is expressly averred that Sweeting had no actual notice or knowledge of the adverse rights of complainant, and the question presented upon the demurrer is whether it must be held that he is chargeable with knowledge from the record under the registry law of the state. The agreement between complainant and Call was filed for record, in the recorder's office of Kossuth county, on the twenty-first of December, 1863, and duly entered upon the records of deeds. In the index, Asa C. Call is named as grantor, and American Emigrant Company as grantee, and in the column headed "Character of Instrument," the entry is "Agreement;" and in the column headed "Description," the entry is "With regard to swamp and overflowed lands."

It is urged in argument that these entries upon the index are not sufficient to put a person examining the record upon inquiry as to the meaning thereof. It will be remembered that the defendant Sweeting knew that the lands that he purchased of Call were part of the swamp lands of the county, and that the only title which his grantor had was under the swamp-land act. Under such circumstances can it be supposed that if, in examining the title of the lands he was about to purchase, he should find upon the index of deeds an entry showing that his proposed grantor had made an agreement with reference to swamp and overflowed lands, he would not have examined the instrument to which his attention would thus be directed? It would certainly have been negligence on his part had he failed to do so. The entry upon the index was certainly sufficient to warn him that Call had made an agreement about swamp lands in Kossuth county, and as he knew that the lands he was about to buy were swamp lands, he was not justified in shutting his eyes to the warning that the index gave him. Had he examined the record to which the index referred him, he would have found that Call had already parted with his interest in the lands he was about to purchase.

The decisions of the supreme court of Iowa on this question are clear and decisive. In *Calvin* v. *Bowman*, 10 Iowa, 529, and *White* v. *Hampton*, 13 Iowa, 260, it was held that the index was sufficient to charge notice, although no description of the property was entered on the index, but simply the words "See record." In *Bostwick* v. *Powers*, 12 Iowa, 456, the entry upon the index was "Certain lots of land," and it was held that this was sufficient. In *Barney* v. *Little*, 15 Iowa, 535, it is said to be the settled law of the state that "it is not necessarily and essentially a prerequisite to a valid registration that the index should contain a description of the lands conveyed; it is sufficient if it points to the record with reasonable certainty." In *Jones* v. *Berkshire*, 15 Iowa, 248, the rule is stated to be that "if the index discloses enough to put a careful and prudent examiner on inquiry, and if, on such inquiry, the adverse title would have been as-

certained the party will be held to notice." Under the doctrine of these cases it is evident that it must be held that Sweeting, when he was about to purchase these lands of Call, was charged with knowledge of the fact that Call had already entered into an agreement with the American Emigrant Company, whereby he had bound himself to convey all the swamp lands in which he had any interest. Being chargeable with notice and knowledge of the existence of the contract between the Emigrant Company and Call, he cannot be said to be an innocent purchaser.

It is also urged in argument that, granting that Sweeting must be held charged with knowledge of the agreement in question, it does not follow that he is to be held chargeable with knowledge that the American Emigrant Company had any prior right or equities in the land, because the contract does not describe any specific lands, and is void for uncertainty of description. This objection was made to the validity of this contract in the case of *American Emigrant Company* v. *Clark, supra,* but the supreme court of Iowa held that it could be made specific by reference to the deed of the swamp lands made by the county in 1862. When Sweeting took his deed from Call he knew that these lands were swamp lands, and therefore within the provision of the contract or conveyance executed by Call. The recitals of this agreement were clearly notice that Call had contracted with the county for the purchase of one-fourth of the swamp lands, and that the complainant had become the purchaser of all the rights and title which said Call then had, or might thereafter acquire in said lands, by virtue of his contract with the county. Having knowledge, either actual or constructive, of the facts recited in the agreement between his grantor, Call, and complainant, he was thereby put upon inquiry in order to ascertain the real facts. He was not compelled to purchase the lands, but when about to do so he was charged with the duty of exercising diligence in making proper examination touching the rights and equities of others, when the record showed that others had such rights in the lands he was about to purchase. 3 Washb. Real Prop. 328; *Brush* v. *Ware,* 15 Pet. 110. If, upon such examination and inquiry, he should learn that the lands he was about to buy were, in fact, part of the swamp lands coming to said Call by virtue of his contract with the county, then he would at once know that the complainant had the prior right to the lands, and that Call had no right to sell them to a third party in violation of his written contract with complainant. On the other hand, if it should appear that Call had not acquired the lands in question by virtue of his contract of February 8, 1862, with the county, but had obtained title thereto through some other purchase or source, then it would appear that the lands were not part of those affected by the contract between Call and complainant, and in that event Sweeting would be justified in buying the same, in the belief that complainant had no interest or right therein.

The allegations in the cross-bill are not explicit upon the point, and

the ruling upon the demurrer is based upon the assumption that, in fact, all the right and title which Call had in these lands was acquired by virtue of his contract with the county of February 8, 1862; the deed from the county to Call being made by reason of the terms of this contract. The demurrer to the cross-bill is sustained, but with leave to amend the same by averring the facts showing that Call obtained title to the lands, not by virtue of the contract of February 8, 1862, but through some other source or purchase, if such facts exist; such amendment to be filed by March rules.