LEO FLECK, Appellant, v. IOWA EMPLOYMENT SECURITY COMMISSION et al., Appellees.

No. 46212.

APRIL 6, 1943.

A. J. Myers, of Des Moines, for appellant.

J. Charles Crawley and Homer M. Lyon, both of Des Moines, for appellees.

MANTZ, J.—It appears that on April 23, 1942, plaintiff, Leo J. Fleck, a resident of Polk County, Iowa, purchased of Peter J. Kaus, of Council Bluffs, Iowa, two motor vehicles described in plaintiff's petition, and paid for them in cash and brought them with him to Des Moines, Iowa.

At that time, Peter J. Kaus was indebted to the State of Iowa for unemployment-security tax in the amount of $1,017.09, with interest. On October 7, 1941, the Iowa Employment Security Commission assessed such tax against Peter J. Kaus of

Council Bluffs, Iowa, and on November 26, 1941, said commission caused to be delivered to the county recorder of Pottawattamie County, Iowa, a notice of said assessment. Said tax was not paid by Peter J. Kaus. ·

About May 7, 1942, a distress warrant was issued upon application of the defendants herein to the sheriff of Polk County, Iowa, under which said sheriff was commanded to levy upon the automobiles purchased by plaintiff from Kaus and to satisfy by sale thereof the tax, interest, penalty, and costs assessed against said Kaus.

Thereupon plaintiff brought this action in equity to enjoin the sheriff and the Iowa Employment Security Commission from making such sale, and praying for a decree of court holding that no lien superior to the rights of plaintiff existed upon said automobiles by virtue of said tax as levied by the commission. Plaintiff claims that he purchased the two automobiles in good faith and for value and had no notice or knowledge of the claim of the State of Iowa for the unpaid tax of Kaus. Defendants deny the claim of the plaintiff and allege that the State of Iowa had a lien on said automobiles at the time plaintiff purchased same and that the plaintiff had constructive notice thereof, and pray that the petition of plaintiff be dismissed. Defendants later filed a motion to dismiss the petition of the plaintiff, which motion was sustained, and the plaintiff, refusing to plead further and electing to stand upon the ruling of the court, has brought his cause to this court on appeal.

Both parties herein take the position that the decisive question in the case is whether or not the record as kept by the county recorder of Pottawattamie County, Iowa, was sufficient to charge the appellant with constructive notice of the tax lien of the state against Peter J. Kaus. Appellant asserts that he had no actual notice or knowledge of the claim of tax lien made by the State of Iowa, and appellees do not seriously challenge such contention. The appellant claims that the record required to be kept by the county recorder in such case did not comply with the statute sufficiently to impart to him constructive notice of said tax lien. On the other hand, appellees contend that the county recorder complied with the statute in each and every particular, and such

being the case, the two automobiles are subject to the tax lien and may be sold to satisfy the same.

The law dealing with the assessment and collection of unemployment compensation is found in chapter 77.2, Code of 1939. This law was originally enacted by the Forty-sixth General Assembly. The Forty-ninth General Assembly in chapter 103 amended certain sections of such law and in particular amended section 1551.20 by striking out the first fourteen lines thereof and by inserting other provisions in lieu thereof. Paragraph B of section 1551.20 dealt with the collection of the tax imposed by said chapter. Under the provisions before the amendment of the Forty-ninth General Assembly, it was provided that after *due notice* to an employer in default of the payment of the tax, a civil action might be brought by the commission to collect the same. The amendment by the Forty-ninth General Assembly struck from said paragraph B of section 1551.20 the part relating to "due notice." The enactment of the Forty-ninth General Assembly, insofar as the same is pertinent to this inquiry, reads as follows:

"B. Whenever any employer liable to pay contributions refuses or neglects to pay the same, the amount, including any interest, together with the costs that may accrue in addition thereto, shall be a lien in favor of the state upon all property and rights to property, whether real or personal, belonging to said employer.

"The lien aforesaid shall attach at the time the contributions become due and payable and shall continue until the liability for such amount is satisfied.

"In order to preserve the aforesaid lien against subsequent mortgagees, purchasers or judgment creditors, for value and without notice of the lien, on any property situated in a county, the commission shall file with the recorder of the county, in which said property is located, a notice of said lien.

"The county recorder of each county shall prepare and keep in his office a book to be known as 'index of unemployment contribution liens', so ruled as to show in appropriate columns the following data, under the names of employers, arranged alphabetically:

"1. The name of the employer.

2. The name 'State of Iowa' as claimant.

3. Time notice of lien was received.

4. Date of notice.

5. Amount of lien then due.

6. When satisfied.

"The recorder shall indorse on each notice of lien the day, hour, and minute when received and preserve the same, and shall forthwith index said notice in said index book and shall forthwith record said lien in the manner provided for recording real estate mortgages, and the said lien shall be effective from the time of the indexing thereof."

The appellee rests its claim for affirmance upon the records of its office and those of the county recorder of Pottawattamie county. Copies of such records are exhibits A, B, C, D, and E, in evidence herein.

Exhibit A is a "Notice of Assessment and Lien," directed to Peter J. Kaus, of Council Bluffs, Iowa, advising him that a tax in the amount of $1,017.09 had been levied against him on October 7, 1941. This notice bore date of October 10, 1941. This notice was given by the Iowa Employment Security Commission by its proper officials. No question is raised as to the sufficiency of said assessment or notice. Peter J. Kaus is not a party to this action.

Exhibit B purports to be a back or cover to a book kept by the recorder of Pottawattamie County, Iowa, and at the top thereof are stamped the words, "Index of State Tax Liens." Below this is stamped the following: "Income Sales and Used Old Age Assistance." Below this there appears the following: "Unemployment Contributions. Unemployment Security Liens."

Exhibit C is designated at the top thereof, "Combined Index —Tax Liens," and immediately below and across the page and just above the ruled columns appears the following: "Claimant— The State of Iowa." Exhibit C has eight ruled columns. The first is entitled "No. of Lien." There is no entry in the blank in front of the Peter J. Kaus entry on that page. The second column is designated "Name and Address of Tax Payer." Below, in this column appears the following entry: "Kaus, Peter

J. 43-78-003 Co. Bluffs, Ia.'' The third column is designated ''Date of Lien,'' with lower subdivisions, ''Mo. Day Year.'' Below, in the order of such subdivisions, appears the following: ''11-25-41.'' The fourth column is designated ''Receipt of Lien,'' with lower subdivisions of ''Mo. Day Year Hour A. M. P. M.'' Below, in the order of such subdivisions, appears the following: ''11-26-41-8 :15 a.'' The fifth column is designated ''Amount of Lien Due,'' and in the column below appear the figures ''$1,-017.09.'' The sixth column, designated ''When Satisfied,'' has no entry. The seventh column is designated ''Recorded,'' with lower subdivisions, ''Book Page.'' Under the subdivision ''Book'' appears the figure ''1,'' and under the word ''Page'' appear the figures ''165.'' The eighth column is designated ''Kind of Lien (Symbol),'' and below in such column appear the words ''Employment Security Lien.''

Exhibit D is entitled ''Notice of Lien,'' given by the Iowa Employment Security Commission and addressed ''To Whom It May Concern,'' and recites that on October 7, 1941, that commission made an assessment of employer contributions against Peter J. Kaus, employer account No. 43-78-003, Council Bluffs, Iowa, in the sum of $1,017.09; that demand had been made for payment and that same was a lien in favor of the State of Iowa against all of the property and rights of property, both real and personal, belonging to the above-named employer. This notice bore date of November 25, 1941, and was signed by the proper officials of said commission. On its back said exhibit had a notation that the same was filed and recorded November 26, 1941, at 8 :15 a. m. in the office of the county recorder of Pottawattamie County, Iowa, in recorder's book 1, at page 165 of Employment Security Liens, and entered on the index thereof.

Exhibit E is a record of a notice given by the Iowa Employment Security Commission to Peter J. Kaus under date of November 25, 1941, advising Peter J. Kaus of the lien of the State of Iowa and the claim of the state thereunder. Same was filed for record in the office of the county recorder of Pottawattamie County, Iowa, and was recorded in book 1, State Tax Liens, at page 165.

The main controversy concerns the entries made by the

county recorder on Exhibit C. Appellees claim that the entries made strictly comply with the law; appellant makes the opposite contention. If appellees are right in their contention, Exhibit C was constructive notice to appellant of the tax lien of the State of Iowa upon any property of Peter J. Kaus.

The matter of constructive notice has been before the courts many times. In 39 Am. Jur. 236, section 7, in dealing with such notice, it is stated that constructive notice is the law's substitute for actual notice and is intended to protect innocent persons who are about to engage in lawful transactions; also that it has been said to be highly inexpedient to extend the doctrine of constructive notice, and the tendency is rather to restrict the doctrine, not, as a general rule, extending it to purely commercial transactions. It further goes on to say that this statement has been challenged, however, and it is said that the doctrine is founded upon the maturest wisdom.

In Hibbard v. Zenor, 75 Iowa 471, 39 N. W. 714, 9 Am. St. Rep. 497, a chattel mortgage was left at the office of the recorder late in the day. It was filed by the county recorder and not indexed until the following day. The court held that such filing was not constructive notice until all the entries required by section 1925 of the Code had been made. (Code of 1873.) Therein, the court held that when the statute is complied with a person is charged with notice whether he makes the examination or not.

In Thomas v. Desney, 57 Iowa 58, 62, 10 N. W. 315, 317, the court said:

"It is said the plaintiff did not examine the index book and therefore was not in fact misled. This is immaterial. He was bound by whatever appeared in said book whether he examined it or not. He was not bound to examine it and in such case is only chargeable with notice of what it contains."

The case of Parry v. Reinertson, 208 Iowa 739, 224 N. W. 489, 63 A. L. R. 1051, quotes with approval the statement just quoted. This last-cited case further states, on page 746 of 208 Iowa, page 492 of 224 N. W.:

"It requires the filing, the recording, and proper indexing, to afford constructive notice. Without proper indexing, there

is no constructive notice of the rights of the mortgagee or grantee."

In that case the question was whether or not a party was held to have constructive notice. An instrument had been filed on behalf of one Grossman, a mortgagee. It was indexed with Grossman as grantor. The court held that inasmuch as the conveyance was from Reinertson to Grossman there was no constructive notice.

In the case of James v. Newman, 147 Iowa 574, 579, 126 N. W. 781, 783, the matter involved was that of constructive notice where a mortgage had been assigned on the margin of the record but had not been indexed. In that case, speaking through Justice Evans, the court said:

"Speaking, however, to the merits of the legal question here proposed, we may say that constructive notice as distinguished from actual notice is a creation of the statute, and is available to a party only in accord with the provisions of the statute. In order to impart constructive notice to third persons of any instrument of transfer by one person to another, the statute contemplates and requires that it be properly acknowledged by the parties, and that it be filed for record and spread upon the records of the county recorder, and that it be properly indexed. * * * We know of no rule of law that would justify us in dispensing with these prerequisites to constructive notice."

It may be stated that our court has held many times that one sought to be charged with constructive notice is not bound to look beyond the index, and unless the index complies with the statutory requirement there is no such notice. In the case of Barney v. McCarty, 15 Iowa 510, 83 Am. Dec. 427, the instrument was properly recorded but there was a failure to index the same. It was held in that case that there was no constructive notice. In support of the foregoing, see, Koch v. West, 118 Iowa 468, 92 N. W. 663, 96 Am. St. Rep. 394; Noyes v. Horr, 13 Iowa 570; Howe v. Thayer, 49 Iowa 154.

In some of these cases where the indexing of an instrument has been faulty it was claimed that there was enough to put an interested person upon inquiry and that such inquiry would

have afforded the actual notice. In the case of Noyes v. Horr, supra, a mortgage was given upon two separate tracts of land, both being described in the same instrument; but one of the tracts was properly indexed. It was·held that there was no constructive notice as to the mortgaged tract not indexed. The effect of this holding was that a searcher is not bound to go beyond the index. This case follows the rule laid down in the case of Scoles v. Wilsey, 11 Iowa 261, 266. In that case an entirely different tract of land from that sought to be conveyed was described in the instrument.

In this case appellant makes the claim that the index does not comply with the mandate of the statute so as to afford constructive notice. In the case of Barney v. Little, 15 Iowa 527, a mortgage was filed, but in recording the same the record page was incorrect on the index, it being given as page 546 instead of 596, the true page. Under the statute then in force the recorder was required to keep an index showing the various steps to legal indexing. Three of these steps, to wit (1) the time the instrument was filed (2) the date of the instrument and (3) the description of the land conveyed, were omitted. Also the page of the book was inaccurate. The instrument itself was correctly recorded. The court held that of the two kinds of notice, actual and constructive, the latter was purely a matter of statutory regulation. Also, that when the prerequisites of the statute, whatever they may be, are substantially complied with, the law declares that the world has notice and will not allow any individual to show that he did not in fact have notice. The presumption of notice which the law in such cases raises is conclusive and incontrovertible. This case holds that the whole law must be looked at. If any distinction is made, the record book, after all, is the main one. The chief object of the index book is that which its name implies; its function is, in the first place, to indicate the existence of all instruments which are recorded or on file to be recorded. If there is no index of an instrument, the searcher after titles has a right to assume that none such is on file or on the record. This case further holds that the index serves as a sort of finger board to direct the inquirer and must not mislead him by giving a totally wrong description of the land.

The case of Calvin v. Bowman, 10 Iowa 529, involved the question as to whether the mortgage index required imparted constructive notice where the index did not describe the mortgaged property but in the space where the description should have been given contained the words, "see record." The instrument was properly recorded and the proper notation was made on the index book. It was held that the record as made afforded constructive notice.

It is sufficient if it points to the record with reasonable certainty. Scoles v. Wilsey, supra; Bostwick v. Powers, 12 Iowa 456; Calvin v. Bowman, supra.

In the case of Barney v. Little, 15 Iowa 527, 535, the court, speaking through Justice Dillon, with reference to the index book, said:

"If the grantor's and grantees' names are given in the index, with the book and page where the instrument is recorded, and if the instrument is there really recorded, we believe that this, so far as the object of the recording act is concerned, is a substantial, though it may not be in all respects, as to the index book a literal compliance with the law. For the record book and the index book are not to be considered as detached and independent books, but related and connected ones, and a party * * * is, where the index makes the requisite reference, affected with notice of any facts which either book contains with respect to the title of his proposed grantor."

With these general rules in mind, we will examine the record made by the county recorder of Pottawattamie County, Iowa. This record shows that on October 7, 1941, Peter J. Kaus owed unemployment-security taxes to the State of Iowa in the sum of $1,017.09, and on that date the appellees made a proper assessment thereof and gave the statutory notice to said employer. On November 25, 1941, the appellees gave notice of the assessment and mailed the same to the recorder, and that official thereupon made a record of the lien of the tax in book 1, page 165, of the Employment Security Liens on November 26, 1941, at 8:15 a. m., and also made the required entries in the index book. There can be no question as to the sufficiency of the assessment made, the notice to Peter J. Kaus, the notice "To Whom It May

Concern'' mailed to the recorder of Pottawattamie County, Iowa, and the proper recording and indexing of the tax lien. Turning to the index we find a notation on the index book indicating the various liens therein contained. There are other statutory liens in this index book. However, our statute does not require a separate index for the liens created under the law as set forth in chapter 77.2 of the Code of 1939. In the index the State of Iowa is designated as claimant. As a matter of fact, the State of Iowa is claimant on all the tax liens appearing on Exhibit C. Instead of placing the name of the employer at the head of the column, the index book is entitled, ''Name and Address of Tax Payer.'' The use of the word ''taxpayer,'' as used in Exhibit C, is equivalent to the word ''employer'' as used in the statute. The employer, under the statute, is required to pay the tax; hence he is the taxpayer. Following this is a designation of the date of the lien, which is given as ''11-25-41,'' and following this in another column, designated ''Receipt of Lien,'' is ''11-26-41-8:15 a. m.'' Such entries or designations as to the date and receipt of the lien substantially comply with the statutory requirement. The filling in of blanks with figures to indicate hours, days, months, and years is generally and commonly used and understood. Then there is given the amount of the tax, the book and page wherein the same is recorded, and the designation of the name of the tax, ''Employment Security Lien.''

Taking the record of this tax lien and considering it in connection with the index, it seems to us that there appeared in those two instruments sufficient to comply with the statute. The index open to appellant was a plain finger board, so to speak, directing his attention to the book and page where the record of the lien might be found.

In conclusion, we hold that the various officials charged with fixing the amount of the tax due from Peter J. Kaus, and making a record thereof, complied substantially with the provisions of the statute, and in so doing the appellant had constructive notice of the tax lien of the State of Iowa upon the property purchased by him of said Peter J. Kaus, and, having had such notice, cannot be classed as an innocent purchaser. We hold that the decree of the lower court is correct and should be affirmed.—Affirmed.

All JUSTICES concur.