John J. COMPIANO and Kathleen Compiano (also known as Kay Compiano), husband and wife, Appellants,

v.

Melvin L. JONES and Sandra A. Jones et al., Appellees.

No. 60457.

Supreme Court of Iowa.

Aug. 30, 1978.

Herrick, Langdon, Belin, Harris, Langdon & Helmick, Des Moines, for appellants.

John H. Hartung and Melio A. Tonini, Des Moines, for appellees.

LeGRAND, Justice.

The question in this case is whether a verified statement of claim filed by defendants in the office of the Polk County recorder is effective under § 614.24, The Code, to extend certain use restrictions on Polk County real estate. Plaintiffs ask that the restrictions be declared unenforceable. The trial court ruled against plaintiffs and they appeal. We reverse and remand for entry of judgment for plaintiffs.

This controversy had its genesis in an instrument executed by the plaintiffs in 1949 imposing a number of restrictive covenants on the lots in Green Ridge Knolls in the City of Des Moines. Similar disputes have been here on two previous occasions. *See Compiano v. Kuntz,* 226 N.W.2d 245 (Iowa 1975) and *Cataldo v. Compiano,* 247 Iowa 999, 76 N.W.2d 214 (1956).

The uncontroverted facts are as follows. On August 26, 1949, plaintiffs owned Lots 1–26 inclusive and 28–39 inclusive in Green Ridge Knolls. On that date they created a number of building restrictions applicable to this real estate. This was a unilateral instrument, revocable at will, until plaintiffs conveyed one or more of the lots to third persons in 1950. The restrictions then became binding as contractual obligations. *See Compiano v. Kuntz,* 226 N.W.2d at 248–49.

The instrument creating the restrictions contained this provision:

"These covenants are to run with the land and shall be binding on all the parties and all persons claiming under them until August 15, 1974, at which time said covenants shall be automatically extended for successive periods of ten years unless by a vote of the majority of the then owners of the lots it is agreed to change the said covenants in whole or in part."

From this it is apparent plaintiffs originally intended the restrictions to be effective until August 15, 1974, and, unless rescinded by affirmative action of the lot owners, for additional ten-year periods after that date. They now regret this and want to be rescued from their own folly. To accomplish this they rely on § 614.24, The Code, which was not enacted until 1966, seventeen years after the restrictions first became effective. We set the statute out in part:

"614.24. No action based upon any claim arising or existing by reason of the provisions of any deed or conveyance or

contract or will reserving or providing for any reversion, reverted interests or use restrictions in and to the land therein described shall be maintained either at law or in equity in any court to recover real estate in this state or to recover or establish any interest therein or claim thereto, legal or equitable, against the holder of the record title to such real estate in possession after twenty-one years from the recording of such deed of conveyance or contract or after twenty-one years from the admission of said will to probate unless the claimant shall, by himself, or by his attorney or agent, or if he is a minor or under legal disability, by his guardian, trustee, or either parent or next friend, shall file a verified claim with the recorder of the county wherein said real estate is located within said twenty-one year period."

■ The statute did several things. It imposed for the first time a statutory limit on the life of land use restrictions. It emasculated the renewal terms of the restrictive covenant agreement (which we have already set out) by providing for automatic *termination* of the covenants in the absence of affirmative action to continue them rather than automatic *extension* unless there was affirmative action to rescind.

■ We might add here parenthetically that we have held § 614.24 to be constitutional, both generally and also against the claim it abolishes vested interests in real estate without due process. *Presbytery of Southeast Iowa v. Harris,* 226 N.W.2d 232, 237–38, 242 (Iowa 1975); *Compiano v. Kuntz,* 226 N.W.2d at 247.

In August of 1970, defendant, John H. Hartung, a Des Moines lawyer, prepared and had signed by a number of lot owners in Green Ridge Knolls an affidavit seeking to extend the use restrictions under the terms of § 614.24. He filed this instrument in the Polk County recorder's office. Although under § 614.18, The Code, it should have been indexed in the claimant's book, the Recorder instead indexed it in a different place—the miscellaneous index.

On September 12, 1973, plaintiffs paid $4,000.00 for an option to purchase Lot 30 and the north half of Lot 29 in Green Ridge Knolls from Lenna Walz. First, however, they employed their attorneys to ascertain whether a claim had been filed extending the use restrictions with respect to Green Ridge Knolls under § 614.24, The Code. No such claim was found, apparently because it was not indexed properly.

In 1976, plaintiffs filed a petition for declaratory judgment to secure an adjudication exonerating the Green Ridge Knolls property from the restrictive covenants. This appeal is from a judgment adverse to them in that suit.

The ultimate question to be resolved is whether defendants have sufficiently complied with the statute to extend the restrictions on this real estate; and, if not, who should bear the consequences of the Recorder's failure to follow the statutory directive.

To put this problem in perspective, we must consider three statutes in addition to § 614.24. They are:

"614.25. The filing of such claim shall extend for a further period of twenty-one years the time within which such action may be brought by any person entitled thereto, and successive claims for further like extensions may be filed."

"614.26. The provisions of section 614.18 are made applicable to the provisions of sections 614.24 to 614.28."

"614.18. Any such claim so filed, shall be indexed under the description of the real estate involved in a book set apart and especially designed for that purpose to be known as the 'claimant's book' and kept in the office of the recorder of the county where such real estate is situated, and said statement, when so indexed, shall be recorded as other instruments affecting real estate."

In order to prevail plaintiffs must establish the affidavit filed by defendants failed to satisfy the requirements of § 614.24 and the related statutes just set out. Plaintiffs concede defendants tried to comply with the sections we have set out but claim that they failed to do so for three reasons.

1. The affidavit filed by defendants was not indexed nor entered in the Polk County claimant's book and therefore did not toll the running of the statute of limitations set out in § 614.24, The Code.

2. The affidavit does not state a claim against the property owned by plaintiffs and does not contain the information required by statute to make it an effective instrument.

3. The affidavit is void because it was notarized by John H. Hartung, who was personally interested in the subject matter of the instrument and was therefore disqualified from acting as a notary.

We consider only the first of these, which we hold to be dispositive of the case.

Plaintiffs claim the instrument filed by defendants did not take effect because it was improperly indexed by the Recorder. Plaintiffs argue further that it was defendants' duty to see the instrument was properly indexed and that they must bear the consequences for failing to do so.

Although admitting the instrument purporting to extend the use restrictions was not indexed as the statute directs, defendants argue that the plain terms of § 614.25 require nothing more than the *filing* of the claim. When the instrument was filed, they say they became entitled to all the benefits accorded them by § 614.24. There is considerable merit to this theory except that we have heretofore rejected it. We conclude plaintiffs should prevail under rules which this court has consistently recognized and applied for more than one-hundred years. *Miller v. Bradford,* 12 Iowa 14, 19–20 (1861); *Barney v. McCarthy,* 15 Iowa 510 (1864); *Parry v. Reinertson,* 208 Iowa 739, 745, 224 N.W. 489, 491–92 (1929). *See also United States v. Cedar Valley Live Stock Exchange, Inc.,* 169 F.Supp. 169 (N.D. Iowa 1958) and *Hanson v. Zoller,* 187 N.W.2d 47 (N.D.1971).

In the Iowa cases cited we deliberately adopted two rules, after recognizing opposing authority from other jurisdictions. First, we said the whole statutory scheme, not just the filing statute, must be considered in deciding how the filing and recording of instruments affecting real estate were to be accomplished. We held documents must not only be filed but must also be properly indexed. Secondly, we decided the person filing an instrument must suffer the consequences of improper indexing as he is usually the only one who can make certain it is done right. These rules have never been changed. Although it is not directly in point, the language in *Fleck v. Iowa Employment Security Comm'n.,* 233 Iowa 67, 72–74, 8 N.W.2d 703, 706–07 (1943), is persuasive that we have not abandoned the reasoning of our earlier cases.

We have not overlooked the fact that the cases cited deal with constructive notice, while we are concerned here with a statute of limitations. Nevertheless the purpose of this statute is to provide a ready and reliable means for prospective real estate purchasers to ascertain if they are getting unencumbered title. *Presbytery of Southeast Iowa v. Harris,* 226 N.W.2d 232, 236 (Iowa 1975) and citations. The rationale of cases on constructive notice is applicable under present circumstances.

The trial court was critical of plaintiffs' efforts to discover the true status of the records and questioned whether they had acted in good faith. We entertain the same doubts, but consider such matters to be of no help to defendants in attempting to avoid a limitations statute. In *Compiano v. Kuntz,* 226 N.W.2d at 249, we held the restrictions are no longer enforceable if the conditions of § 614.24 are not met. In that case *no* statement of claim was filed. Here one was filed but it was ineffective. It is necessary that a verified claim be filed and indexed in the claimant's book. Only part of this—the filing—was done. It is vital that one who searches the records should know where to look and should know, too, when he need look no further. The result in either case must be the same.

In view of our conclusion on this issue, we do not consider the other matters raised. The judgment is reversed and the case is

remanded for entry of judgment for plaintiffs as provided herein.

REVERSED AND REMANDED.

All Justices concur, except ALLBEE and McGIVERIN, JJ., who take no part.