## HODGSON, Admr., v. LOVELL.

**Conveyance:** RECORDING ACT: INDEX: HOMESTEAD. It is not more necessary under our recording act to enter the names of both husband and wife in the index of the conveyance of a homestead than of any other real estate wherein both join. Nor is it necessary that the index shall contain a full description of the premises.

*Appeal from Dubuque District Court.*

THURSDAY, JUNE 18.

SUIT in equity to foreclose certain mortgages. Judgment for plaintiff. Part of the defendants appeal.

*Monroe & Deery* for the appellants.

*Griffith & Knight* for the appellee.

COLE, J. — The only question made in this case is as
<span>CONVEYANCE:</span> to the sufficiency of the index of plaintiff's
<span>recording act:</span>
<span>index: home-</span> mortgages to impart notice to the appellants,
<span>stead.</span> who are subsequent mortgagees of the same

property. The question can be most perspicuously stated in two subdivisions : First, The mortgages were made by husband and wife, and embraced the homestead, the legal title to which was held by the husband. The index contained the name of the husband only as grantor. The point made is, that since the wife has an interest in the homestead and both husband and wife must join in order to make a valid conveyance, the index should show the names of " the respective grantors arranged in alphabetical order," as provided in section 2224, of the Revision of 1860. It is no more necessary under our law, to enter the names of both husband and wife in the index of a conveyance of the homestead, than of any other real estate wherein both join. The point made, so far as relates to this subdivision, has in effect been decided by this court in *Jones* v. *Burkshire* (15 Iowa, 248), where it was held, that an index in the name of the husband, of a conveyance of the real estate of the wife, where both joined in the deed, was sufficient to impart notice. With that decision we are content, and thereon affirm the ruling of the District Court on that branch of this case.

Second, the mortgages of plaintiff contained a description by metes and bounds of a part of mineral lot 178. The index did not contain this description, but only " part of mineral lot 178, in Dubuque county, Iowa, containing two and forty-four hundredths acres." The point made herein is, that since the particular description was not given in the index so as to show what part of the lot was mortgaged, no constructive notice was imparted thereby. This point, also, has in effect been decided by this court against appellant. *Calvin* v. *Bowman & Neal*, 10 Iowa, 529 ; *Bostwick* v. *Powers*, 12 id. 456 ; *White* v. *Hampton*, 13 id. 261 ; *Barney* v. *Little*, 15 id. 527.

Affirmed.