FIRST NATIONAL BANK OF SUTHERLAND, Appellant, v. ISAAC CLEMENTS, Appellee.

1. **Res Adjudicata**: AS TO WHAT MATTERS CONCLUSIVE.  In an action by attachment, a mortgagee of the attached property intervened and claimed the property.  His mortgage was delivered to the recorder before the writ of attachment was levied, but it was not indexed until afterwards, and he was defeated on the ground that the attaching creditor had no notice of his mortgage, that being the only issue raised and tried as between him and the attaching creditor.  *Held*, that, in an action by the mortgagee against the recorder for damages for neglecting to index his mortgage, the latter was not estopped by the judgment in the attachment suit to set up as a defense that the mortgage was fraudulent.

2. **County Recorder**: INDEXING MORTGAGE: NEGLIGENCE: DAMAGES. Section 1925 of the Code makes it the duty of the recorder, when an instrument is filed with him for record, to index the .same "forthwith;" that is, as soon as it can be done with reasonable exertions. The work of indexing must be done in preference to the recording of papers already indexed and to the ordinary business of the office. And, where, in an action against a county recorder for negligence in failing to index a chattel mortgage within due time after filing, the plaintiff showed that sixteen hours elapsed between the filing and indexing of said mortgage, and that it sustained damage in consequence of that delay, *held*, that the plaintiff had established a *prima facie* right to recover, the burden of disproving which was on the defendant, and it appearing from the defendant's own evidence that he could have indexed the mortgage in question in time to have avoided the damage to the plaintiff without working more than the usual number of hours, his negligence was established.

*Appeal from O'Brien District Court.*—HON. SCOTT M. LADD, Judge.

WEDNESDAY, FEBRUARY 1, 1893.

ACTION to recover damages alleged to have been caused by the neglect of the defendant, as county recorder, to index, within due time, a chattel mortgage filed in his office for record. There was a trial by jury, and a verdict and judgment for the defendant. The plaintiff appeals.—*Reversed.*

*H. H. Crow* and *E. C. Herrick,* for appellant.

*W. D. Boies,* for appellee.

ROBINSON, C. J.—On the eleventh day of February, 1889, E. H. Farnsworth, a merchant engaged in business at Sutherland, executed on his stock of merchandise a chattel mortgage to the plaintiff to secure an indebtedness of one thousand and seventy five dollars. The mortgage was at once sent across the country to the defendant, at his office in Primghar, to be recorded. It was filed in his office at forty-five minutes after 3 o'clock in the afternoon, but was not indexed until about 8 o'clock the next morning. After the mortgage was filed, but before it was indexed, two actions, aided by attachment, were commenced against Farnsworth, and the writs were levied upon the mortgaged property. The first writ, issued at the suit of Sperry, Watt & Garver, was levied at 10 o'clock in the evening of February 11, and the other, issued in favor of Rider, Wallace & Co., was levied at thirty minutes after 6 o'clock in the morning of February 12. A judgment was obtained in each suit, and the attached property was exhausted to satisfy them.

The plaintiff claims that it was the duty of the defendant, as recorder, to index the mortgage at the time it was filed, and that, in consequence of his failure to do so, the mortgage lien was lost; that Farnsworth is insolvent; and that, in consequence of the failure of the defendant to perform his duty, the plain-

tiff has sustained damage to the amount of four hundred and fifty-six dollars and thirteen cents, besides interest and certain costs.

Of the several defenses pleaded by the defendant, but two are involved in this appeal. The first of them is that the mortgage was fraudulent; and the second is that on the day it was filed for record the defendant was required to perform an unusual amount of official work; that he worked faithfully and continuously until after the usual time for stopping work, but was unable to index the mortgage in controversy until the morning of the next day; and that he performed his duty fully. The jury returned answers to several special interrogatories, which, if well founded, show that the mortgage was fraudulent, and that the defendant indexed it as soon as he reasonably could do so. The claim of the plaintiff against Farnsworth, the fact that he is insolvent, and that the plaintiff sustained damages to the amount claimed by reason of the failure of the defendant to index the mortgage before the levy of the second writ, must be regarded for the purposes of this appeal as admitted or established by the evidence.

I. The plaintiff intervened in each of the two cases against Farnsworth to which we have referred, and claimed a lien on the attached property, by virtue of its mortgage, superior to that created by the levy of the writ of attachment. The answers to the petitions of intervention were, in effect, a denial of the claim of the intervenor, and an averment that the attaching plaintiff had no notice of the mortgage at the time the writ was levied. The issues arising on the petition in the case in which Sperry, Watt & Garver were plaintiffs, were, by stipulation, to be governed and determined by the decision on the issues presented by the petition of intervention in the case of Rider, Wallace & Co. v. Farnsworth. The decision in that case was adverse to the intervenor,

*1. Res adjudicata: as to what matters conclusive.*

and its petition was therefore stricken from the record in the other case. The appellant contends that the question of fraud was adjudicated in those cases, and cannot be tried in this case. But it is not shown that the question of fraud was presented by the pleadings in the intervention proceedings, and it affirmatively appears that the only issue tried was that in regard to notice of the mortgage. The defendant was not a party to those actions, and is not estopped to now assert any valid defense, restingupon the alleged fraudulent character of the mortgage, which he may have.

II. Section 1923 of the Code provides for the recording of instruments conveying personal property. 

2. County recorder: indexing mortgage: negligence: damages. Section 1924 requires the recorder to keep an entry book or index for such instruments, properly ruled, so as to show, in parallel columns, "*first*, the mortgagors or vendors; *second*, the mortgagees or vendees; *third*, the date of the filing of the instrument; *fourth*, the date of the instrument itself; *fifth*, its nature; *sixth*, the page and book where the record is to be found." Section 1925 is as follows:

"Whenever any written instrument of the character above contemplated is filed for record as aforesaid, the recorder shall note thereon the day and hour of filing the same, and forthwith enter in his entry book all the particulars required in the preceding section, except the sixth; and from the time of said entry the sale or mortgage shall be deemed complete, as to third persons, and have the same effect as though it had been accompanied by the actual delivery of the property sold or mortgaged."

The duty imposed upon the recorder by this section is of the most important character, and can not be delayed to permit the doing of other work, but must be performed as soon as it can be done with rea-

sonable exertions. The diligence required is determined by the nature of the work and the objects to be accomplished by it, as well as by the circumstances which affect the performance of the duty. Greater diligence is necessary than would be demanded to record an instrument already indexed, or than would be required in ordinary business transactions. No doubt circumstances may exist which will justify some delay on the part of the recorder in indexing instruments like that in question. He is not required to perform the impossible, nor is he obliged to anticipate, and be prepared to meet, every extraordinary and unforeseen demand upon his time; but the nature of the duty to index instruments like that in question, filed for record, and the interests to be protected by it are liable to be of such great importance, that it should be performed as speedily as is practicable, even at the cost to the recorder of unusual inconvenience and labor. It is the duty of first importance, and should be first discharged. If it be shown that such an instrument, duly filed for record, was not at once indexed, a presumption of negligence on the part of the recorder would arise, and the burden of disproving it would be upon him. This is true, for the reason that the law makes it his duty to index the instrument "forthwith;" and it must be presumed, in the absence of proof to the contrary, that he is able to do so, and for the further reason that any facts which would justify delay are peculiarly within his own knowledge. Therefore, when the plaintiff showed that sixteen hours elapsed between the filing and indexing of its chattel mortgage, and that it sustained damage in consequence of that delay, it had established a *prima facie* right of recovery.

The evidence submitted on the part of the defendant tended to show the following facts: With the assistance of one clerk the defendant was able to do the work of the office during February, 1889. On the

eleventh day of that month thirty instruments were filed in the office for record, of which twenty-six were filed before the one in controversy.   It was the custom of the defendant, when an instrument was received, to note thereon the day and hour of filing, and then to ascertain if its form was like any of the forms printed in the record books of his office; and, if it was, he would also note on the instrument the book and page where it would be recorded.   From ten to fifteen minutes were occupied in making these notations on an instrument, and in indexing it.   On the day specified twenty-six instruments were indexed by the defendant, in the order in which they were received. His clerk had been in the office but a few days, and was not regarded as competent to do that kind of work.   He was engaged in recording instruments, and was not called upon to assist in indexing.   It is not shown at what hours the twenty-six instruments indexed were filed, but it is not claimed that they were filed late in the day.   The instrument next preceding the one in question was filed at 3 o'clock in the afternoon.   The mail was obtained at 8 o'clock in the morning, and the defendant worked in his office from that time until 6 o'clock, or perhaps half an hour later, at night, excepting for half or three quarters of an hour at the time for dinner.   It appears from the testimony of the defendant, giving him the benefit of all reasonable doubts, that he could have noted the filing on, and indexed, thirty-six instruments during the time he spent in his office on the day in question, or ten more than were indexed, and that he must have spent several hours in doing work which should have been postponed, if it could not have been done otherwise, until after the indexing was completed.   In other words, the defendant has shown affirmatively that he could have indexed the mortgage in question more than twelve hours before the second writ was levied, without

requiring any assistance from his clerk, and without working more than the usual number of hours. He not only failed to disprove negligence, but established it, by his own testimony.

III. It is said, if it be true that the mortgage is fraudulent against creditors of the mortgagor, the defendant can not rely upon that fact as a defense, so long as the mortgagor does not complain. The question thus presented is stated, rather than discussed, by the appellant, and, since it must be determined according to the facts which may be proved on another trial, will not now be decided.

Other questions discussed, including one based upon the tenth paragraph of the charge, in regard to the burden of proof, are disposed of by what we have said. The judgment of the district court is REVERSED.