GRAHAM & CORRY, Appellee, v. R. E. WORK, Administrator of the Estate of HANNAH WORK, deceased, Appellant.

**Evidence:** BOOKS OF ACCOUNT: SALE TICKETS. An account so kept as to show the true state of the transactions between the parties by the original entries, is admissible in evidence as a book of account, though in form of slips rather than a bound book. Thus a system of sale tickets kept in duplicate showing each transaction, the amount of previous sales being carried forward and added to the last ticket, and the footing showing the state of the account are admissible as a book of original entries.

**Husband and wife:** FAMILY NECESSITIES: LIABILITY. Where the mother became the head of the family upon the death of her husband, family necessities purchased, though in the name of the husband's estate or that of her children, when for use in the family of which she was the responsible head, were properly chargeable

against her estate: as she was liable for items of that character purchased both prior and subsequent to the death of her husband.

**Accounts:** INSTRUCTION: PREJUDICE. Upon proper proof of an account it carries with it all credits shown therein, together with such others as defendant may be able to show; hence there was no prejudice in the instruction that if defendant claims the benefit of credits disclosed by plaintiff's account, she makes the account evidence of all items charged therein against her.

**Account stated:** ACQUIESCENCE: INSTRUCTION. Where there was evidence from which it might be found that an account stated between the parties had been made, the instruction that if an account was rendered and acquiesced in failure to object within a reasonable time would make it an account stated was proper.

*Appeal from Van Buren District Court.*—HON. FRANCIS M. HUNTER, Judge.

TUESDAY, MAY 13, 1913.

ACTION at law on account for merchandise. Trial to jury. Verdict and judgment in favor of plaintiff. Defendant appeals.—*Affirmed.*

*J. C. Calhoun* and *W. A. Work,* for appellant.

*Walker & McBeth,* and *C. R. Conlee,* for appellee.

WITHROW, J.—Appellees are engaged in the business of general merchandising at Birmingham, Iowa. Hannah Work, widow of Samuel Work, lived at Birmingham, and at the time of the commencement of this action was about eighty-eight years of age. After suit was brought, her son, James Work, was appointed as her guardian. Later, after the trial of the cause in the lower court, Mrs. Work died, and R. E. Work, her son, was appointed administrator of her estate, and has been substituted as defendant. During the lifetime of Mr. Work he, with his wife, maintained their home at Birming-

ham, the members of the household being Mr. and Mrs. Work, their daughter, Emma Work, who is a maiden lady, and a grandson, Hugh Work. After the death of Mr. Work, the remaining members of the household continued to occupy the house as before. During the later years of his life, because of the infirmities of age, a guardian, R. E. Work, was appointed for Samuel Work, and the guardian with his brother, James Work, attended to the business affairs of the parents, and after the death of the father conducted the business of the mother. The account at the store of appellee continued, over a period of many years, first during the lifetime of the father, and later up to the date of the last item in the claim sued upon.

I. The appellees used as a means of keeping their accounts a system by which for each transaction a sale ticket is made in duplicate, the amount, if any, previously due, being added on the last ticket to the amount of the sale, the footing showing the state of the account between the parties at the time. The tickets for each customer were separately kept in a case where about three hundred other like accounts were kept. Payments on account as made from time to time were credited on the tickets on the date when made, and the series of tickets showing the account of any customer, barring possible error in addition, showed fully each charge, with its date, together with a description of the purchase.

1. EVIDENCE: books of account: sale tickets.

Plaintiff's proof of account was made by the introduction, over the objection of the defendant, of the series of tickets from Nos. 1 to 1937. By proof and concession it was shown to the satisfaction of the jury that the entries on the several tickets thus introduced were the original entries of the transactions, made in due course of business, and at the time of the several sales or payments. Every essential requirement of the statute as to the proof of accounts before the same may be admitted in evidence was met, unless it be, as contended by appellant, that the slips thus introduced

were not a book of account, such as is contemplated in Code, Section 4623. The manner of keeping the accounts is the important consideration. If they are in such form and so preserved as to identity as to carry to the mind the conclusion that the true state of the accounts between the parties is therein shown from the original entries, to hold that they must be in bound book form is giving importance to form rather than to substance. The vital question in such cases is whether the entries offered are the original charges, are true, and proven to have been made at or near the time of the transaction. 2 Enc. of Evidence page 612. As supporting the conclusion in principle, see *Pettey v. Benoit,* 193 Mass. 233 (79 N. E. 245); *Remington Mach. Co. v. Wilmington Candy Co.,* 6 Pennewill (Del.) 288 (66 Atl. 365). Also bearing upon this proposition, see, also, *Gibson v. Seney,* 138 Iowa, 388; *State v. Brady,* 100 Iowa, 201-203. There was no error committed by the lower court in holding that the tickets so far as they presented items of charge against the defendant were admissible in evidence.

II.   The tickets offered in evidence were not all originally made in the name of Hannah Work. Some of them appeared as charges against the estate of Samuel Work and others

**2. HUSBAND AND WIFE: family necessities: liability.**   against Em. Work, the daughter who lived with her mother. There was evidence tending to show, and under the instructions guarding the question the jury evidently found, that all the purchases for which charge is made, save two apparently deducted by the jury, were for household expenses in the home of which Hannah Work was the responsible head of the family, and for which she was liable. Her infirmities were such that she was unable to give personal attention to the details necessary for the proper maintenance of her home, and the evidence clearly shows that her son, daughter and grandson, all in the transactions severally had by them, were acting for her. It is claimed that under the authorities neither Hannah Work nor her estate would be liable for the

support of Emma Work, nor for the purchases made by her. It is not a question in this case whether there would be such liability. Emma Work in the purchases made by her was claimed to be acting for her mother in the purchase of family necessities, and for such the head of the family would be liable, and under the instructions the jury evidently so found. The account sued upon shows credits made at different times in butter, eggs, and other products, also different cash payments made by the sons of Mrs. Work, as well as purchases by them. In other words, the various members of the family, whether residing with the mother or not, gave laudable attention to her business interests and sought her comfort. There is no claim that any item of charge as allowed by the jury is erroneous or unjust, and the facts fully warrant the finding that they were family expenses.

III. In the amendment to the answer the defendant pleaded: "That, in addition to the payments shown in the statement of account attached to petition, the defendant has made the following additional payments: Dec. 1, 1907, $175. Dec. 20, 1908, $150." Defendant prayed for dismissal of the action. As applied to such plea, in instruction No. 16, the court advised the jury in substance that: "If the defendant claims the benefit of the credits as set forth in plaintiffs' petition, she thereby makes the books of account evidence to be considered by you in support of all the items charged against her therein, subject to be rebutted by competent evidence." This instruction is urged to be erroneous. It seems to have support in *Veiths v. Hagge,* 8 Iowa, 163, although we think the rule in that case, under its facts, is not entirely applicable to the present case. The particular claim of the defendant was for credits not appearing upon the account filed. However, if there was error in this respect, it was without prejudice, as the account was proven in such manner as to carry it to the jury for determination, and this included all credits shown by it, together with such others as defendant might be able to show.

3. ACCOUNTS: instruction: prejudice.

IV. On May 5, 1908, the appellees rendered a state-ment of their account on one of the tickets. It showed pay-ment on that date of $90 leaving a balance of $12.58. On the same ticket appears this indorsement:

4. ACCOUNT
STATED:
acquiescence:
instruction.

"Looked at. O. K. James Work." This in-dorsement is in part denied by James Work, and attempted to be explained by him. He testified that the "O. K." was not on it when he saw it, and that the memo-randum was merely to show his progress up to May 5th in examining the account. The court instructed the jury upon the question of an account stated, to the effect that if the account was rendered, and acquiesced in after the lapse of a reasonable time within which to make objections to it, it thereby became an account stated. In other words, that as-sent to its correctness is implied from a failure to object within a reasonable time. Whether or not there was such acquiescence in the correctness of the account rendered was a question of fact. If there was, the authorities hold that an account stated may then be established. *Schoonover v. Osborne,* 108 Iowa, 453 ; *Bank v. Walker,* 85 Iowa, 728 ; *Visher v. Wilbur,* 5 Cal. App. 562 (90 Pac. 1065) ; *Atlas Ry. Sup-ply Co. v. Forster et al.,* 123 Ill. App. 558. There was no error in the instructions.

V. The proof was sufficient to take to the jury the question of liability on the account from a time prior to the death of Samuel Work. The items all were of family ex-pense, for which Hannah Work was equally liable with her husband.

We find no reversible error. Judgment *Affirmed.*