**MORTENSEN et al. v. LINGO.**

No. A-6590.

United States District Court. Alaska.
Third Division. Anchorage.
Sept. 24, 1951.

Plummer & Arnell, Anchorage, Alaska, for plaintiffs.

John E. Manders, Anchorage, Alaska, for defendant.

FOLTA, District Judge.

This is an action for damages for breach of covenants of title.

On February 20, 1941, Harry G. McCain conveyed the real property involved to E. M. Anglin. The deed was recorded in the office of the Recorder for the Anchorage recording district, in which the land lies, but not indexed as the statute directs. It is not contended that the defendant had actual notice of this conveyance. On August 18, 1947, McCain conveyed the identical property to the defendant who in turn on April 16, 1948 conveyed it by warranty deed to the plaintiffs who now allege that Anglin threatens to evict them.

The plaintiffs contend that the index to deeds is no part of the recording thereof, whereas the defendant contends to the contrary and asserts that recording alone was insufficient to constitute constructive notice, particularly where the records of deeds consist, as in the Anchorage District, of more than 100 large volumes.

The pertinent statutory provisions of the Alaska Compiled Laws Annotated, 1949, are as follows:

"Separate books shall be provided by the commissioner in each recording district or precinct for the recording of deeds and mortgages, in one of which books all deeds left with such commissioner shall be recorded at full length, with the certificates of acknowledgment or proof of the execution thereon, and in the other all mortgages left with the commissioner shall in like manner be recorded.

"The commissioner shall certify upon each conveyance recorded by him the time when it was received and the reference to the book and the page where it is recorded, and every conveyance shall be considered as recorded at the time it was so received.

"The commissioner shall also keep a proper index, direct and inverted, to the books for the recording of deeds, and also one to the books for the recording of mort-

gages, in which he shall enter alphabetically the name of every party to each and every instrument recorded by him, with a reference to the book and page where the same is recorded.

"Every conveyance of real property within the Territory hereafter made which shall not be filed for record as provided in this chapter shall be void against any subsequent innocent purchaser in good faith and for a valuable consideration of the same real property, or any portion thereof, whose conveyance shall be first duly recorded". A.C.L.A.1949, §§ 22–3–22 to 22–3–25.

These provisions were taken from the Code of Oregon and adopted without change by the Act of Congress of June 6, 1900, 31 Stat. 321, 505.

The question presented is whether a deed properly recorded in the office of the district where the land lies but not indexed is constructive notice as against subsequent innocent purchasers for value. It is obvious that this question cannot be determined without imposing a great hardship on an innocent party.

█ It must be presumed that in adopting these provisions for Alaska, Congress knew that in Board of Commissioners for the Sale of School Lands v. Babcock, 1875, 5 Or. 472, 473, where the identical question was involved, the Supreme Court held that the index was not a part of the record. The conflict among the authorities on this question cannot be entirely accounted for by differences in statutory provisions. What appears to be the leading case in support of the opposing view is Ritchie v. Griffiths, 1890, 1 Wash. 429, 25 P. 341, 343, 12 L.R. A. 384. The statutory provisions, so far as pertinent, provided that:

" 'The auditor of each county in this territory shall record, in a fair and legible handwriting, in books to be provided by him for that purpose, at the expense of the county, all deeds, mortgages, and other instruments of writing required by law to be recorded, and which shall be presented to him for that purpose, and the same shall be recorded in regular succession, according to the priority of their presentation, and, if a mortgage, the precise time of the day in which the same was presented shall also be recorded. * * * Upon the presentation of any deed, or other instrument of writing, for record, the auditor shall indorse thereon the date of its presentation, * * * and, when such deed, or other instrument of writing, shall be recorded, the recorder shall indorse thereon the time when recorded, and the number or letter and page of the book in which the same is recorded.' * * * Each auditor shall, upon the written demand of any person, make out a statement in writing, certified under his hand and the seal of his office, of all mortgages, liens, and incumbrances of any kind of record in his office, in relation to any real or personal property, in relation to which the demand shall be made; and, if said statement shall be incorrect, he, and the sureties upon his official bond, shall be liable to the person aggrieved for all damages sustained by him in consequence of such incorrect statement, to be recovered in a civil action. * * * Each county auditor shall keep a general index, direct and inverted. The index direct shall be divided into seven columns, with heads to the respective columns, as follows: (Here is a diagram of the column headings.) He shall correctly enter into such index every instrument concerning or affecting real estate, the names of the grantors being in alphabetical * * * columns precisely similar, only that the names of the grantees shall be alphabetically arranged, and occupy the second column." [Laws Wash.Terr.1869, p. 313, §§ 18, 19, 23, 24.]

It was held that these constituted a system of registration; that they must be construed together and that when so construed all the prescribed steps, including indexing, had to be performed before the record could constitute constructive notice. The Court took occasion to point out that as records accumulate the only practical way of imparting notice to the public or finding the record affecting any particular piece of property is through the index.

█ The reasoning of that Court appeals to me. Not only does it seem unreasonable to require each person interested in ascertaining the status of the title to any piece of property to examine every page

of a great number of volumes, but to hold that the index, notwithstanding that it is required to be kept by statute, is no part of the record is to deny any effect to the provision requiring the maintenance of an index. I am of the opinion, therefore, that a single decision rendered 76 years ago should not be deemed controlling in an age when the tempo of life is much faster, the population more transient and real property transactions occur with such frequency that it takes hundreds of large volumes to contain the records thereof. In this situation the observation of the Court in Barney v. McCarty, 1864, 15 Iowa 510, 521, 83 Am. Dec. 427, that. "a deed might as well be buried in the earth as in a mass of records without a clue to its whereabouts" seems particularly apt.

I conclude, therefore, that the recording of the deed to Anglin without indexing was insufficient to give constructive notice to the defendant.