UNITED STATES of America, Plaintiff,

v.

CEDAR VALLEY LIVESTOCK EX-CHANGE, INC., a Corporation, Defendant.

UNITED STATES of America, Plaintiff,

v.

H. S. LAMES, Defendant.

UNITED STATES of America, Plaintiff,

v.

C. O. DONELS, an individual d/b/a Farmers Grain & Co-Operative Co., a Corporation, Defendant.

Civ. Nos. 609–611.

United States District Court
N. D. Iowa,
Cedar Rapids Division.
Dec. 31, 1958.

F. E. Van Alstine, U. S. Dist. Atty., and Philip C. Lovrien, Asst. U. S. Dist. Atty., Sioux City, Iowa, for the United States.

Keith Mossman (of Mossman & Mossman), Vinton, Iowa, for defendant, Cedar Valley Livestock Exchange, Inc., and H. S. Lames.

M. H. Bordewick (of Bordewick & Fischer), Vinton, Iowa, for C. O. Donels and Farmers Grain & Co-op. Co.

GRAVEN, District Judge.

In these cases the United States sued the defendants for conversion of property. It is the claim of the plaintiff that each of the defendants purchased property from Charles Hopper and Darlene Hopper which was subject to chattel mortgages held by it. Each of the defendants moved for summary judgment on the ground that the plaintiff's chattel mortgages were not indexed in the office of the County Recorder as required by law. This opinion relates to the rulings on those motions.

At all time herein Charles and Darlene Hopper were residents of Benton County, Iowa, and were engaged in farming on a farm owned by a Virginia Boyd of which they were the lessees. They also farmed other land. On April 11, 1955, the plaintiff, through the agency of the Farmers Home Administration of the Department of Agriculture, loaned them the sum of $5,265. To secure that loan they executed three chattel mortgages, one dated April 29, 1955, one dated October 21, 1955, and one dated March 16, 1956. The first two mortgages are the mortgages here involved. Those mortgages covered livestock, machinery, equipment, feed, seed, and crops. The property was described in the mortgages as being located on the Virginia Tobin farm. The legal description of that farm was given in the mortgages.

On July 22, 1955, and November 18, 1955, the defendant in No. 611 purchased from the mortgagors oats and corn of the then market value of $1,171.37. On October 21, 1957, the defendant in No. 610 purchased of the mortgagors corn of the then market value of $1,184.36. On March 7, 1956, the defendant in No. 609 purchased from the mortgagors hogs of the then market value of $400.64. None of the proceeds of the sales were applied upon the chattel mortgage debt. At the time these actions were instituted there was due and owing the plaintiff from the said mortgagees on the chattel mortgage debt the sum of $1,867.70, plus interest. It is the claim of the plaintiff that the property purchased by the three defendants was subject to its chattel mortgage lien. The plaintiff does not claim that any of the defendants had any actual notice of either of its chattel mortgages at the times they purchased the property in question. The plaintiff relies upon the notice imputable or chargeable to the defendants by the filing of those mortgages in the office of the County Recorder of Benton County, Iowa.

Section 556.3, Code of Iowa 1958, I.C. A., provides as follows:

"No sale or mortgage of personal property where the vendor or mortgagor retains actual possession thereof, is valid against existing creditors or subsequent purchasers

172

without notice, unless a written instrument conveying the same is executed, acknowledged like conveyances of real estate, and such instrument or a true copy thereof is duly recorded by, or filed and deposited with, the recorder of the county where the mortgagor or vendor resides if he be a resident of this state at the time of the execution of the instrument; but if he be not such a resident then of the county where the property is situated at that time."

In Iowa provision is made for both the recording and the filing of instruments by the County Recorder. When an instrument is recorded it is copied into a permanent book and the original returned to the party who presented it. Instruments relating to real estate are recorded. Under Section 556.3 just referred to, a chattel mortgage may be either recorded or filed with the County Recorder. When the chattel mortgagee elects to file his or its mortgage the original or a true copy is deposited with the County Recorder. In such case the chattel mortgage is not copied into any permanent record, but the same is placed in a container envelope. The envelopes are numbered. In practice chattel mortgages are generally filed rather than recorded.

The chattel mortgages in question were eligible to be filed and deposited with the County Recorder of Benton County under the provisions of Section 556.3 referred to. They were filed and deposited with such Recorder promptly after their execution. Those matters are not in controversy. It is the claim of the defendants that due to claimed improper indexing of those mortgages notice of them was not imputable or chargeable to them. Each of the defendants has raised the question of the claimed improper indexing by a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The facts concerning the indexing of the plaintiff's chattel mortgage are not in dispute.

Sections 556.8 and 556.9, Code of Iowa 1958, I.C.A., provide as follows:

"556.8 When any such instrument or a true copy thereof of the character above contemplated is filed, the recorder shall note thereon the day and exact time of filing the same, and forthwith enter in his index book the first seven requirements specified in section 556.9; and from the time of said entry the sale or mortgage shall be deemed complete as to third persons, and have the same effect as though it had been accompanied by the actual delivery of the property sold or mortgaged.

"556.9 The county recorder shall keep an index book in which shall be entered a list of instruments affecting title to or encumbrance of personal property, which may be filed under this chapter. Such book shall be ruled into separate columns with appropriate heads, and shall set out:

"1. Time of reception.

"2. Name of each mortgagor or vendor.

"3. Name of each mortgagee or vendee.

"4. Date of instrument.

"5. A general description of the kind or nature of the property.

"6. Where located.

"7. Amount secured.

"8. When due.

"9. Page and book where the record is to be found.

"10. Extension.

"11. When released.

"12. Remarks and assignments."

Section 556.4, Code of Iowa 1958, I.C.A., provides for the recording or filing of conditional sale contracts, and the provisions of Sections 556.8 and 556.9 are applicable to them.

Under the provisions of Section 556.8 the Recorder is required to make certain entries in an index book. Under the

provisions of Section 556.9 it is provided that the Recorder "shall keep an index book" and provides what shall be set out therein in connection with any encumbrance of personal property. The plaintiff's mortgages were not recorded; they were deposited with the County Recorder of Benton County for filing. The index to them and other chattel mortgages presented for filing was prepared as follows: Information taken from them was typed on printed form cards 4½ inches high by 11 inches wide. The cards were then arranged alphabetically in a container where they could be consulted by those wishing to so do. The index cards were not bound together. Each card was loose and separate from every other card.

The index card in question was as follows:

"Chattel Mortgage Index
           Benton County Iowa
"Name: Hopper, Charles & Darlene
           Location: (blank)
"Number 61756, date filed 3/17/55, hour 10:03, mortgagee State Bank of Vinton, date of mtge 3/16/55, amount 550.00, assigned to (blank), nature of property Livestock, Corn, Machinery, when due 9/16/55, released May 19 1955, by No. 62321, attest (blank).

"Number 61757, date filed 3/17/55, hour 10:03, mortgagee State Bank of Vinton, date of mtge 11/26/54, amount 500.00, assigned to (blank), nature of property Int. In: Livestock, Increase, when due 8 mos, released May 19 1955, by No. 62321, attest (blank).

"Number 62156, date filed 4/29/55, hour 1:32, mortgagee U.S. A., date of mtge 4/29/55, amount 5265.00, assigned to (blank) nature of property Livestock-poultry-feed-feed-crops-machinery, when due 1/1/60, released (blank), by (blank), attest (blank).

"Number 63368, date filed 10/25/55, hour 8:11, mortgagee U.S. A., date of mtge 10/21/55, amount 5265.00, assigned to (blank), nature of property Livestock-machinery-Equip-seed-feed-crops, when due 1/1/60, released (blank), by, (blank), attest (blank).

"Number 64945, date filed 2/28/56, hour 10:45, mortgagee Vinton Implement Co., date of mtge 5/31/55, amount 950.00, assigned to (blank), nature of property Hay Baler, when due * * *, released (blank), by (blank), attest (blank).

"Number 65108, date filed 3/16/56, hour 9:28, mortgagee U.S. A., date of mtge 3/14/56, amount 5265.00, assigned to (blank), nature of property Plymouth, # p23615818 Livestock, Machinery, Equipment, Tools, Seed, Feed, Crops, when due, 1/1/60, released (blank), by (blank), attest (blank)."

The defendants contend that they were not chargeable with notice of the chattel mortgages in question because they were not indexed in "an index book" and because the index card did not contain the information specified in paragraph 6 of Section 556.9 as to location of the property.

In connection with the arguments on the motions, it appeared that a number of County Recorders in the State are indexing chattel mortgages in the same manner as the County Recorder of Benton County. There are no decisions of the Iowa Supreme Court as to that manner of indexing and no opinions of the Attorney General of Iowa on the question.

The contentions of the parties require a consideration of some related matters. These actions are actions brought by the United States for the conversion of property claimed to have been included in chattel mortgages executed to it. The federal courts are not in agreement as to whether such actions are governed by state law or federal law. The United States Court of Appeals for this Circuit holds that the applicable law is the law of the state where the claimed conversion took place. Unit-

ed States v. Kramel, 8 Cir., 1956, 234 F. 2d 577. See, however, United States v. Matthews, 9 Cir., 1957, 244 F.2d 626. It is the well-settled Iowa law that when a person who is charged with notice of a chattel mortgage purchases property included therein without the consent of the mortgagee he is guilty of conversion. United States v. Fleming, D.C.N.D.Iowa 1946, 69 F.Supp. 252, 257. Further, in the present action the United States bases its claims against the defendants upon the Iowa statutes relating to the recording and filing of chattel mortgages. Therefore, the applicable law is that of Iowa. While, as heretofore noted, an instrument may be either recorded or filed, yet for convenience the word "recording" when hereinafter used will be used synonymously with the word "filing."

At common law there was no requirement of or provision for recording of chattel mortgages and conditional sale contracts. The common law rule afforded opportunities to defraud creditors of and bona fide purchasers from the person in possession of personal property. Union Bank & Trust Co. v. Willey, 1946, 237 Iowa 1250, 24 N.W.2d 796, 807. In that case the Iowa Supreme Court, after referring to those evils, stated (page 807 of 24 N.W.2d): "Registry and recordation legislation was enacted to remedy these evils." The purpose of recording statutes is to give constructive notice to subsequent purchasers and encumbrances. Union Bank & Trust Co. v. Willey, supra; Connolly v. Des Moines & Cent. Iowa Railway Co., 1955, 246 Iowa 874, 68 N.W.2d 320, 330. The Iowa Supreme Court in cases arising under the recording statutes treats cases involving instruments relating to real estate and personal property interchangeably as decisional authority.

The first question presented is as to whether the plaintiff must bear the responsibility for the claimed improper indexing. If the plaintiff does not have to bear that responsibility, then the question is not reached as to whether its mortgages were improperly indexed. In 14 C.J.S. Chattel Mortgages § 159, page 766, in connection with the depositing of a chattel mortgage with a recording official under a recording statute, it is stated: "When the mortgagee has complied with the statute, so far as lies within his power, the mortgage is regarded as filed or recorded from the time it was so deposited; and the mortgagee is not affected by the errors or omissions of the recording officer." The rule stated is apparently the majority rule. The theory of the courts following the majority rule is that when a person has presented a properly executed chattel mortgage which is eligible for filing and recording to a recording officer for filing or recording, such person has done all that is required of him and he should not suffer loss because of error committed by the recording officer. However, the Iowa Supreme Court does not follow the majority rule. The Iowa rule on the matter was established in the early case of Miller v. Bradford, 1861, 12 Iowa 14, and there has been no departure from that rule. In that case the defendants secured a deed from one James Muir which was in proper form and contained a correct description of the property. In recording it the Recorder made a mistake in the description of the property. Thereafter James Muir conveyed the property to the plaintiff who had only such notice of the deed to the plaintiff as was imputed from the recording of it. In an action at law as to the property, the defendants asked the Court to instruct the jury that when the deed under which they claimed was left for record with the Recorder of deeds and filed for record by him it imputed notice to subsequent purchasers and the erroneous or defective recording by the Recorder of such deed could not change the character and effect of such notice. The trial court refused the requested instruction. There was judgment for the plaintiff which on appeal was affirmed. The Iowa Supreme Court stated (at page 20):

"After the record of the deed, the record itself is the constructive notice of its contents, and it never

was the intention of the legislature to hold a subsequent purchaser, buying after the recording, bound by the contents of a deed, ever so improperly and incorrectly recorded, because at some time, a deed correct in the description of the property, was filed with the recorder."

The Iowa Court stated that it regarded the holding of the Court in the case of Frost v. Beekman, 1814, 1 Johns. Ch., N.Y., 288 [reversed on other grounds, 1820, 18 Johns., N.Y., 544], represented the better rule. That case is one of the leading cases on the question. In it the Court in regard to the matter of responsibility for error or mistake on the part of a recording officer stated as follows (1 Johns. Ch. at page 298):

"The true construction of the act appears to be, that the registry is notice of the contents of it, and no more, and that the purchaser is not to be charged with notice of the contents of the mortgage, any further than they may be contained in the registry. The purchaser is not bound to attend to the correctness of the registry. It is the business of the mortgagee, and if a mistake occurs to his prejudice, the consequences lie between him and the clerk, and not between him and the *bona fide* purchaser."

There is an excellent discussion of this and other recording problems in "Recording Of Instruments Affecting Land," by Professor Percy Bordwell of the College of Law of the State University of Iowa in 3 Iowa Law Bulletin 25 (1917).

■ Therefore, under the Iowa laws if the County Recorder of Benton County failed to properly index the plaintiff's mortgages it must bear the responsibility for such failure and its only recourse for any loss sustained by it because of such failure would be against that Recorder. It is clear that recourse may be had by a mortgagee against a County Recorder for any loss sustained by him for negligence of the latter in connection with the index of the mortgage. First

National Bank of Sutherland v. Clements, 1893, 87 Iowa 542, 54 N.W. 197.

■ The next question presented is whether an instrument which has been properly executed and which is eligible for filing or recording and which has been properly deposited with the proper recording officer for filing or recording is lacking in effectiveness as notice because of the failure of such recording officer to index it or because of the improper indexing of it by such officer. In 14 C.J.S. Chattel Mortgages § 162, pages 767, 768, it is stated:

"In the absence of a statute requiring it the recording officer need not index a mortgage; and where the statute does impose on the officer the duty of making an index, it is generally held that it is not a part of the 'filing,' and that the mortgage will constitute notice, although the officer fails to index it, or indexes it in a defective manner."

The latter part of the rule just stated is apparently the majority rule, but again the Iowa Supreme Court does not follow the majority rule. It has long been provided by statute in Iowa that the County Recorder shall index the instruments filed in his office. In the early case of Barney v. McCarty, 1864, 15 Iowa 510, the situation was that by statute each County Recorder was required to keep an index of instruments recorded in his office and the plaintiff deposited a properly executed real estate mortgage covering certain real estate with the County Recorder who recorded it in the proper book but did not index it until twelve years thereafter. While it was still unindexed the defendants became subsequent purchasers of the mortgaged property without any notice of plaintiff's mortgage other than afforded by the record. The plaintiff brought foreclosure proceedings. The trial court denied foreclosure of the mortgage. On appeal the trial court was affirmed. The Iowa Supreme Court stated (at page 514):

"We now arrive at the principal and most important question in the

cause; and that is, whether the defendants are affected with constructive notice of the plaintiff's mortgage.

"And this raises but one inquiry, viz., whether under the registration laws then in force, the *total omission* by the Recorder to index this mortgage, deprived the record thereof of the power of imparting constructive notice of its existence and contents."

The Court held that indexing was an essential part of valid and complete registration. The Court stated (at page 521):

"A deed, in the language of counsel, might as well be 'buried in the earth as in a mass of records without a clue to its whereabouts,' or in the language of the Supreme Court of Vermont, in Sawyer v. Adams, 8 Vt. 172; the instrument might as well be written 'on a slate or copied into the Recorder's family Bible, as into a book without being indexed.'"

The opinion in the case of Barney v. McCarty, supra, was quoted from and the holding of it followed in the recent case of Mortensen v. Lingo, D.C.Alaska 1951, 99 F.Supp. 585, 587. The doctrine of Barney v. McCarty, supra, has been the doctrine of the Iowa cases on the subject. The defendants rely upon this case and a number of other cases in support of their contentions. Those cases will next be considered. In the case of Noyes v. Horr, 1862, 13 Iowa 570, the recording officer in entering a real estate mortgage in the index noted only one piece of the two tracts of land included in the mortgage. It was held that subsequent purchasers of the omitted tract were not charged with constructive notice. In the case of Howe v. Thayer, 1878, 49 Iowa 154, a real estate mortgage executed by one Furman was indexed under the name of Freeman. It was held that a subsequent purchaser of the mortgaged property was not charged with constructive notice. In the case of

Thomas v. Desney, 1881, 57 Iowa 58, 10 N.W. 315, it was held that a judgment indexed in the index-book of judgments as being against Ellen Desney did not constitute constructive notice of a judgment against Helen Desney. In the case of Aetna Life Ins. Co. v. Hesser, 1889, 77 Iowa 381, 42 N.W. 325, 4 L.R.A. 122, it was held that a judgment entered in the index-book of judgments against Hesse did not constitute constructive notice of a judgment against Hesser.

In the case of Parry v. Reinertson, 1929, 208 Iowa 739, 224 N.W. 489, 63 A.L.R. 1051, the name of the grantor of an instrument appeared in the index as the grantee. It was held that constructive notice was lacking. The Court stated (at page 492 of 224 N.W.):

"Without proper indexing, there is no constructive notice of the rights of the mortgagee or grantee."

In the case of James v. Newman, 1910, 147 Iowa 574, 126 N.W. 781, there was involved the question of an unacknowledged assignment of a mortgage appearing on the margin of the record in the office of the County Recorder; there was not involved the question of indexing. The Court stated (at page 783 of 126 N.W.):

"Speaking, however, to the merits of the legal question here proposed, we may say that constructive notice as distinguished from actual notice is a creation of the statute, and is available to a party only in accord with the provisions of the statute."

In the case of Koch v. West, 1902, 118 Iowa 468, 92 N.W. 663, there was involved conflicting claims to a tract of real estate. The plaintiff's claim was based upon a deed which had been recorded but which had not been indexed. He claimed that the defendant was charged with constructive notice of the deed. The Court held that the defendant was not charged with such notice. It stated, (at page 664 of 92 N.W.):

"The purchaser is not bound to look beyond the proper index for information as to conveyances, and, if

the index shows none, there is no constructive notice of any."

In the case of Hibbard v. Zenor, 1888, 75 Iowa 471, 39 N.W. 714, there was involved the conflicting claims of the plaintiff, a chattel mortgagee, and attaching creditors as to a stock of merchandise. The plaintiff presented a chattel mortgage to the County Recorder for recording on January 7, 1886, at 6:30 p.m. The recorder indicated on the back of the chattel mortgage that it was filed for record at that day and hour but did not index it until 8:30 o'clock a.m. on January 8, 1886. On January 8, 1886, at 8:00 o'clock a.m., three creditors caused the property to be attached. There were several issues in the case. There was a jury verdict in favor of the attaching creditors. On appeal the case was reversed for an error in an instruction on another issue. In connection with the issue of indexing the Court stated (at pages 715–716 of 39 N.W.):

"On the trial plaintiffs offered evidence to prove that it was a custom of the recorder, when instruments were delivered to him to be recorded near the close of business on one day, not to enter them in the index until the next morning; but the court excluded the evidence, and instructed the jury that defendant was not charged with constructive notice of the mortgage until the proper entries thereof were made in the index. These rulings are clearly right. The notice created by the record of an instrument is constructive. The implication or presumption that those dealing with reference to the property affected by the instrument have notice of such facts as are shown by the record, is raised by the statute, and the whole subject is governed and limited by it. Under section 1925, Code, it is the duty of the recorder, when an instrument of the character of that in question is deposited with him to be recorded, to note thereon the day and hour of filing, and enter in the entry book or index the names of the mortgagor and mortgagee, the dates of the instrument and the filing, and the nature of the instrument; and the section also provides that from the time of such entry the instrument shall be deemed complete as to third persons. Under this provision there can be no question as to the time when the record becomes notice to the world of the instrument. When the prescribed entries are made, any person desiring information with reference to the property, by an inspection of them, would learn of the existence of the mortgage, and he is charged with notice of its existence, whether he makes such examination or not. But until they are made the record, which is the source to which he is bound to go for information, is silent, and it is the only instrument by which he can be charged with the constructive notice."

The cases just discussed make it clear that an instrument which is eligible for recording and which is recorded will not constitute constructive notice of its contents to third persons where it is not indexed or is misleadingly indexed.

There will next be considered other Iowa cases bearing on the question of improper indexing.

In the case of Barney v. Little, 1864, 15 Iowa 527, the recording statute in effect at the time in question required that the Recorder keep an entry book or index which would show in parallel columns the matters next set forth:

*First.* The grantors.

*Second.* The grantees.

*Third.* The time when the instrument is filed.

*Fourth.* The date of the instrument.

*Fifth.* The nature of the instrument.

*Sixth.* The book and page where the record may be found.

*Seventh.* The description of the lands conveyed.

In that case a real estate mortgage was properly recorded in Book No. 3 of Mortgages at page 546. The index set

forth the name of the mortgagor and mortgagee. It set forth that the mortgage was recorded on page 596 of Book No. 3 of Mortgages instead of page 546. There was wholly omitted from the index to it three of the items specified in the statute above referred to, the time of filing, the date of the instrument, and the description of the lands conveyed. It was held that a subsequent purchaser of a portion of the mortgaged premises was chargeable with notice of the mortgage. The same recording statute which was involved in the preceding case was in effect at the time in question in the case of Calvin v. Bowman, 1860, 10 Iowa 529. That case involved a real estate mortgage. In the registration of it the Recorder in the space in the index or entry book providing for the description of the property put in the words "see record." The Court held that the record was sufficient to impart constructive notice to the subsequent purchasers or mortgagees. The same recording statute was in effect at the time in question in the case of Bostwick v. Powers, 1861, 12 Iowa 456. That case involved a real estate mortgage. In the registration of it the Recorder in the space in the index or entry book providing for the description of the property put in the words "certain lots of land." The Court held that the record was sufficient to impart constructive notice to a subsequent purchaser of a portion of the mortgaged premises. The Court stated (at page 457):

"It is claimed that the index entries are required to be kept after a prescribed form, and must state certain facts before they can or do impart constructive notice; that it is not competent for the recording officer or the court to dispense with an entry of any of the required facts, if so, it would lead in effect to legislation on their part and render the requirements of the statute nugatory; that inasmuch as the defendant had no actual notice, and made no examination of the record, he can not be charged with constructive notice unless the requirements of the recording acts have been strictly complied with in all their essential particulars.

"This theory of the registry law overlooks the rule or principle, that whether a subsequent purchaser examines the record or not, he is nevertheless affected constructively with such knowledge as the index entries afford, and if their recitals are of such a character as that they would necessarily put a cautious and prudent man upon inquiry, he is bound to make such inquiry, and upon finding one or more encumbrancers, shall be held to notice. 4 Scam. 242, 1 Hilliard Mort. 632, and cases there cited."

The case of Fleck v. Iowa Employment Security Commission, 1943, 233 Iowa 67, 8 N.W.2d 703, involved the sufficiency of the indexing of a lien for state unemployment taxes. The Court reviewed a great many of the Iowa cases relating to indexing and held that the indexing was sufficient to impart constructive notice of the lien involved.

In connection with the matter of indexing, see also: White v. Hampton, 1862, 13 Iowa 259; Hodgson v. Lovell, 1868, 25 Iowa 97; and Hilpire v. Claude, 1899, 109 Iowa 159, 80 N.W. 332, 46 L.R.A. 171, 74 Am.St.Rep. 524.

The case of Loser v. Plainfield Savings Bank, 1910, 149 Iowa 672, 128 N.W. 1101, 31 L.R.A.,N.S., 1112, involved a variation in the name of a real estate mortgagor rather than indexing. The Court held that such variation did not impair the constructive notice effectiveness of the mortgage involved. The Court stated (at page 1103 of 128 N.W.):

"It may, however, be taken as well settled that an instrument properly made of record is notice to the world not only of the facts and claims therein expressly set forth, but also of all other material facts which an inquiry thereby reasonably suggested would have developed, and that

such notice is not affected or avoided by variations in names which do not mislead a subsequent purchaser or are of such character as ought not to mislead a purchaser of ordinary prudence and intelligence."

The Iowa Supreme Court has authoritatively stated the purpose and object of an index to recorded instruments. In the case of Barney v. Little, 1864, 15 Iowa 527, at page 533, the Court in discussing the relation between the record book and the index book states:

"The whole law must be looked at. If any distinction is to be made, the record book is after all the main one. The chief object of the index book is that which its name implies. Its function is in the first place to indicate the existence of all instruments which are recorded or on file to be recorded. If there is no index of an instrument the searcher after titles has a right to assume that none such is on file or on the record.

"Its office in the next place is to point out the book and page where the instrument is recorded. These are the essential uses and purposes of the index book. To facilitate the examination of titles, the present law, it is true, has directed the index to contain the date of the instrument; the date of filing and description of the property."

The Court also stated (at page 535):

"If the grantor's and grantees' names are given in the index, with the book and page where the instrument is recorded, and if the instrument is there really recorded, we believe that this, so far as the object of the recording act is concerned, is a substantial, though it may not be in all respects, as to the index book a literal compliance with the law. For the record book and the index book are not to be considered as detached and independent books, but related and connected ones, and a party (assuming it to be an instrument which the law authorizes and requires to be recorded) is, where the index makes the requisite reference, affected with notice of any facts which either book contains with respect to the title of his proposed grantor."

The Court also stated (at page 535) that the index serves as a finger board to direct the inquirer.

In the case of Fleck v. Iowa Employment Security Commission, 1943, 233 Iowa 67, 8 N.W.2d 703, at page 708, the Court stated:

"The index open to appellant was a plain fingerboard, so to speak, * * *."

Under the provisions of Section 556.8, Code of Iowa 1958, I.C.A., heretofore set out, it is provided that a filed chattel mortgage is "deemed complete as to third persons" when the first seven requirements of Section 556.9, Code of Iowa 1958, I.C.A., relating to indexing have been complied with. The defendants assert that until those seven requirements have been complied with subsequent purchasers are not chargeable with constructive notice. It is their claim that since in the present cases the sixth requirement of Section 556.9 requiring the index to give the location of the mortgaged property was not complied with they were not chargeable with notice of the plaintiff's mortgages. The assertion and claim of the defendants would seem to require a consideration of the matter of "notice."

The Iowa statutes made use of the terms "without notice" and "notice." In the opinions of the Iowa Supreme Court use is made of the terms "actual notice" and "constructive notice." In the case of Millowners' Mut. Life Ins. Co. v. Goff, 1930, 210 Iowa 1188, 232 N.W. 504, in a case involving the recording of a real estate mortgage, the Court pointed out that knowledge is not a requirement of "actual notice" and that a person has "actual notice" if he had knowledge of such facts as would by reasonable inquiry result in his ascertaining the truth. Thus "actual notice"

includes what could be termed "inquiry notice." See, Note, 41 Iowa Law Review 431, 434 (1956). The nature of notice afforded by recording is frequently referred to as "constructive notice" or "record notice." In the case of Wertheimer & Degen v. Shultice, 1926, 202 Iowa 1140, 211 N.W. 568, at page 571, the Court, in a case involving the recording of a chattel mortgage, stated:

"The statute does not require actual notice. It requires only constructive notice by recording."

Under certain conditions "inquiry notice" becomes of importance in connection with "record notice."

█ It has been pointed out that "constructive notice" is a fiction. Schoedel v. State Bank of Newburg, 1944, 245 Wis. 74, 13 N.W.2d 534, 535, 152 A.L.R. 459. If an instrument which is eligible for recording is properly recorded the law indulges in the fiction that third parties have notice of it and will not allow any individual to show that he did not have notice. Fleck v. Iowa Employment Security Commission, 1943, 233 Iowa 67, 8 N.W.2d 703, 707. The law indulges in the fiction as a matter of sound public policy in connection with possible conflicting interests in property.

█ Under the fiction where certain recording requirements have been complied with in connection with an instrument affecting property, any person who subsequently proposes to deal with the property is constructively brought to the Recorder's office and is chargeable with what is there disclosed as to it. Under the Iowa law such person is not brought constructively to the Recorder's office unless and until the instrument is one which may properly be filed or recorded in that office. Further, he is not brought constructively to that office unless the instrument is properly acknowledged. Koch v. West, 1902, 118 Iowa 468, 92 N.W. 663. If the instrument is not properly acknowledged the proper indexing of it would be of no avail in the matter of constructive notice. Barney v. Little, 1864, 15 Iowa 527, 534. In

other words, if the instrument is not eligible for recording, the matter of "inquiry notice" does not enter into the situation. Where the instrument is eligible for recording and has been duly recorded a third person thereafter proposing to deal with the property is constructively brought to the Recorder's office and put on "inquiry notice." For instance, if a chattel mortgage has been properly filed he is put on "inquiry notice" as to the property included. Iowa Savings Bank v. Graham, 1921, 192 Iowa 96, 181 N.W. 771. That case involved a properly filed chattel mortgage. The Court stated (at page 772 of 181 N.W.):

"If the description is otherwise sufficient to enable third parties to identify the property thereby, or by such inquiries as the instrument itself suggests, it is all that is required for the record to impart constructive notice."

█ The so-called "inquiry notice" rule brings into the situation the so-called reasonable and prudent man test. If an instrument was not indexed or was misleadingly indexed, it would not impart notice thereof to a third person even though such person did not consult the records in the Recorder's office or was not in fact misled by the lack of indexing or by the misleading index. The test would be whether an ordinarily reasonable and prudent person consulting the records would have been misled.

█ As heretofore noted, the mortgages in question in the present cases were eligible for filing and were deposited with the Recorder and by the latter numbered and placed in proper containers. Therefore, under the Iowa cases each of the defendants were constructively brought to the Recorder's office and were chargeable not only with notice of what was set forth on the index card but were also chargeable with notice of such other relevant matters which reasonable inquiry suggested by the index card would have disclosed.

In the present case there was set forth on the index card that Charles Hopper

and Darlene Hopper were the mortgagors of personal property. It set forth numbers assigned by the Recorder to the chattel mortgages executed by them. It set forth the amounts secured. The index card set forth that the mortgages executed by them to the plaintiff covered livestock, poultry, feed, seed, and crops. One of the defendants purchased oats and corn from the mortgagors. One purchased corn from them, and the other defendant purchased hogs from them. Under the Iowa cases noted, the legal situation was that immediately prior to the purchasing of those items each of them was regarded as being in the Recorder's office as prospective purchasers of personal property of Charles Hopper and Darlene Hopper for the purpose of ascertaining what might be disclosed by the index to chattel mortgages in that office.

In the case of Bostwick v. Powers, 1861, 12 Iowa 456, previously cited, the recording statute relating to real estate mortgages specified that the index should contain a description of the land involved. The index recited "certain lots of land." The Court stated (at pages 457, 458):

"In this case, if the defendant, a subsequent purchaser, had examined the record, he would have found in the index or entry book the following evidence that his vendor had given previous to that time a mortgage upon certain lots of land, to-wit: the names of the parties thereto, the date of the filing, the date and nature of the instrument, the book and page where recorded, and that it was upon certain of lots land. This, to be sure, is not a legal description of the lots, but it shows that it was the kind of property he was about to purchase. With these facts before him and the records in his hands, could he be excused for not turning to the page when the instrument was stated to be recorded, and ascertain whether the lot of land he was about to purchase, was or was not included in the mort-

gage? Certainly not. We can not conceive why such facts should not put a prudent man upon his guard and warn him to look carefully into the condition of the record."

In the present cases each defendant was put on notice by the index that Charles Hopper and Darlene Hopper had executed chattel mortgages upon the kind of personal property they were about to purchase. The index informed them that the originals of the mortgages were on file in the Recorder's office and gave their Recorder office numbers. In that situation the language just quoted from the opinion in the case of Bostwick v. Powers, supra, seems apt.

It seems clear that under the Iowa cases the defendants had the index card presumptively in front of them as they were about to purchase the property in question. It also seems clear that there would have been reasonably suggested to them by that card such facts as ought to have caused them in the exercise of ordinary caution and prudence to examine the original mortgages in which the description of the mortgaged property was set forth and its location specified.

In the present cases the failure of the Recorder to indicate the location of the property in the index constituted a noncompliance with the sixth requirement of Section 556.9. However, the information contained in the index was nevertheless sufficient to put the defendants on inquiry notice as to the location of the property.

The Iowa statutes relating to the indexing of filed or recorded instruments contain numerous requirements. Where there is a failure to comply with one or more requirements of such a statute, but the index as made is sufficient to put a third person on inquiry notice, the Iowa Supreme Court holds that there has been a substantial compliance with the statute and that the non-compliance constitutes a mere irregularity which does not impair the effectiveness of the filing or recording in the matter of notice. Barney v. Little, 1864, 15 Iowa 527, 535.

As heretofore noted, the Iowa Supreme Court does not follow the rule followed by several courts that indexing is no part of the filing or recording of instruments so far as notice to third persons is concerned. However, that Court does not apply to indexing the rigorous rule applied to some of the other requirements as to filing or recording but as to the latter applies the less rigorous "inquiry notice" rule.

It is the holding of the Court that the failure of the Recorder to indicate the location of the property in the index constituted a mere irregularity and that so far as that feature is concerned there was a substantial compliance with the provisions of Section 556.9 and that the defendants cannot escape notice of chargeability because of such failure. The cases relied on by the defendants all had to do with situations in which there was either a total failure to index or there was a misleading index.

■■■ The defendants further assert that even though it be deemed that the failure of the Recorder to comply with the requirement of Section 556.9 in the matter of indicating the location of the property was a mere irregularity there was another failure on the part of the Recorder to comply with Section 556.9 which was of such a substantial nature as not to make them chargeable with notice. Section 556.9 provides, in part:

> "The county recorder shall keep an index book in which shall be entered a list of instruments affecting title to or encumbrance of personal property, * * * "

The Recorder maintained a loose leaf card index. The defendants urge that a loose leaf card index does not constitute a "book." In the arguments there was discussed the desirability and undesirability of a loose leaf card index as compared with a bound book binder. The requirement of Section 556.9 in regard to the keeping of an index book is one of long standing. . During the course of the arguments reference was made to some of the reasons why some of the Recorders index chattel mortgages and other instruments relating to personal property by means of a loose leaf card system. Some of the claimed reasons are: that such a system is in accord with modern office practices and modern filing and recording systems; that the multitude of instruments relating to personal property now being filed necessitates a more expeditious way of indexing than is possible under a book index system; that a loose leaf index more adequately carries out the intent and purpose of the index statute than does a book index in that under the former all of the chattel mortgages executed by the same mortgagor are readily available on one card. The defendants assert that there are dangers inherent in the use of a loose card index. The asserted dangers are that the cards may be easily removed by persons consulting the index or easily placed out of their alphabetical order. The defendants assert that if the legislature had intended that a loose card index be used they could have easily so provided and that because the legislature has not so provided the indexing of chattel mortgages other than by means of an index book constitutes a serious and substantial noncompliance with Section 556.9. It is noted that in Section 556.25, Code of Iowa 1958, I.C.A., providing for the filing of the contracts relating to the sale or lease of utility equipment in the office of Secretary of State it is provided that the latter "shall maintain a card index thereof alphabetically arranged" of the filed contracts.

It is not a certainty that the Iowa Supreme Court would hold that a loose leaf card index did not constitute an "index book" within the provisions of Section 556.9. Section 622.28 provides for admission into evidence of "books" of account. The Iowa Supreme Court held that workmen's repair slips and sales tickets, although not bound in book form, constituted "books" within the purview of that statute. H. W. Emeny Auto Co. v. Neiderhauser, 1916, 175 Iowa 219, 157 N.W. 143; Graham & Corry v. Work, 1913, 162 Iowa 383, 141 N.W. 428. In

the latter case the Court, in passing upon the contention of the appellant that in order for records to constitute a "book" of account under the statute they must be in bound book form, stated (at page 429 of 141 N.W.): " * * * to hold that they must be in bound book form is giving importance to form rather than to substance." The case of Haley & Lang Co. v. Del Vecchio, 1915, 36 S.D. 64, 153 N.W. 898, L.R.A.1916B, 631, holding that card index records were admissible as books of account is discussed in a case comment in 1 Iowa Law Bulletin 195 (1916). In the case of Richardson v. Woolard, 1923, 133 Miss. 417, 97 So. 808, there was involved a statute which required the Recorder to record written instruments in a "well-bound book." The Recorder recorded them on loose sheets. Holes were punched in those sheets and they were held together by lockable rods. It was held that such a system complied with the statute. Under the doctrine of that case, if the chattel mortgage index cards maintained by a Recorder had holes punched in them and were held together by a lockable rod or rods inserted through those holes they would constitute a "well-bound book."

It would seem true that there would be some danger that index cards might become lost or misplaced. However, in the present cases that feature is somewhat hypothetical in character because the index card indexing the chattel mortgages in question was not misplaced or out of order at the times here pertinent. Any person who consulted the chattel mortgage records in the office of the Recorder as to the chattel mortgage lien status of crops, livestock, and other personal property owned by Charles Hopper and Darlene Hopper would have ready and immediate access to an index record which provided an adequate disclosure as to such status. If the index card in question had been lost or misplaced, the situation would have been analogous to the situation where there was a total lack of indexing. In such a situation, as heretofore noted, the mortgagee would have to bear the responsibility for the lack of index with right of recourse against the Recorder.

Under the Iowa cases heretofore noted, the plaintiff's mortgages were eligible for filing and were duly filed, and such being the case the defendants were constructively brought to the Recorder's office prior to the purchasing of the property in question and were chargeable with what appeared in the index to chattel mortgages and what was reasonably suggested by that index. That index contained information which the Iowa Supreme Court has held was adequate to charge the defendants with notice. The fact that the information was contained on a card instead of in a book would seem in the language of the Iowa Supreme Court relating to a "book" of account to be "giving importance to form rather than to substance." Graham & Corry v. Work, supra.

It is the view of the Court that when the question is squarely presented to the Iowa Supreme Court it is reasonably probable that it would hold that the indexing of chattel mortgages by means of index cards instead of in a book is a matter of form rather than substance and that such manner of indexing constitutes a substantial compliance with the statute in so far as notice to third persons is concerned.

It is the holding of the Court that the motions of the defendants for summary judgment be denied.